# THOMAS W. MOORE v. SAMUEL H. BESSE.

NOTICE OF APPEAL—SERVICE OF:—The proof of service of a notice of appeal, if not shown by an official certificate or the admission of the party served or his attorney, must be proven by the affidavit of some competent person, who may be any third person as well as the appellant or the attorney.

IDEM.—Where such affidavit only disclosed that the affiant, who was a third person, mailed a copy of the notice at Santa Cruz, directed to the respondent's attorneys at San Francisco, but did not state that the attorney for whom he acted resided at Santa Cruz : Held, that the affidavit is defective.

IDEM—SUPPLYING PROOF OF SERVICE, PENDING APPEAL.—Where a dismissal of an appeal is moved in this Court, on the ground that there is no proof of service of the notice of appeal, or that the proof of such service is defective, this Court will, on appellant's return, grant him leave to supply the omitted proof, upon a showing that the service has been, in fact, properly made. Upon leave being granted, appellant may file in the Court below the proper proof, and annex a certified copy thereof to the record in this Court.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

The defendant appealed. The notice of appeal was served by one Pew, who acted as the agent of appellant and his attorneys. In this Court the respondent moved to dismiss the appeal, upon the ground (among others) that there was no proof of service of the notice of appeal.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for the Motion.

The service of notice of appeal must be made to appear in the transcript. (8 Cal. 340 ; 10 Cal. 490.)

How must it be made to appear ? *Not by affidavit of service*, we submit—the statute does not provide that proof of service of notice of appeal shall be by affidavit. It may appear by *stipulation admitting* the service of the notice, or it may appear by return of the Sheriff, whose duty it is : " 5th. To serve at the request of a party to any action or proceeding, notice and papers therein." (2 Hittell Stat., Sec. 6,852.)

It cannot appear in any other than in *one* of these *two* modes.

The only authority to a private person to serve a *summons* is to be found in Practice Act, section twenty-eight. But a *notice of appeal* is not a *summons ;* and if it were, the affidavit does not show that the affiant was a citizen of the United States, nor over twenty-one years of age, nor competent to be a witness on the trial of the action ; and all these things should distinctly appear in an affidavit of service of summons. (*McMillan* v. *Reynolds*, 11 Cal. 378.)

Not only is there no statute authorizing a private person to serve a notice of appeal, but there is no provision of the Practice Act by which an affidavit of such service of notice of appeal is authorized to be made. The point has been expressly determined in Iowa. (*Marion County* v. *Stanfield*, 8 Clarke, 406.)

The only proof of service in this cause is the affidavit of Pew. That affidavit *being unauthorized by law*, if it were false in fact, a prosecution for perjury could not be sustained upon it. (*United States* v. *Babcock*, 4 McLean, 115 ; *Wood's Case*, 6 City H. Rec. 130 ; 4 Park. Cr. 213.)

*Elisha Cook*, and *J. C. Zabriskie*, against the Motion.

It is contended that the service of notice of appeal cannot be proved by affidavit—or in other words, that no person can serve a notice except a Sheriff, and the statute is cited showing what provisions are made for making affidavits.

By referring to the statute it will be seen that all the cases embraced in the statute are in special proceedings, such as affidavits for attachments, arrests, injunctions, etc. But the statute does not provide that no affidavit can be made except such as specially enacted. If the doctrine contended for were to prevail, it would require *all* notices to be served by the Sheriff, and would be contrary to the universal practice with the profession.

We submit, that when the statute provides that a notice shall be served, without specially providing how it shall be done, it may be done in any manner to accomplish the object.

Every presumption will be invoked and allowed which can be fairly and naturally raised in support of any given proposition.

In this case, Edmund Pew swore to his affidavit and mailed the notice in the Post Office in Santa Cruz. The suit was commenced and tried in Santa Cruz. All which raise an irresistible presumption that Pew, who served the notice, resided in Santa Cruz.

Further, there is no evidence that Cook and Zabriskie do not reside at Santa Cruz, and if the question were to be decided upon a presumption in regard to their residence, the Court would presume them to reside at the place where they tried the cause.

By the Court, Rhodes, J.:

The respondent moves to dismiss the appeal. Only a part of the grounds will be noticed.

The statute does not expressly provide how proof of service of the notice of appeal must be made. It is not doubted that the certificate of the Sheriff, or the admission of the respondent's attorney, is competent proof of service, but it is insisted that service cannot be proved by the affidavit of a third person. The practice of proving service by affidavit has prevailed for many years, and, so far as we are apprised, without objection until the present time. Service of the notice, if not shown by an official certificate, or by the admission of the party served, must be proven by the affidavit of some competent person. No reason is suggested, and none occurs to us, why less value should be assigned to the affidavit of a third person than to that of the appellant or his attorney.

The affidavit on which the appellant relies for proof of service is defective. The affiant, acting on behalf of the appellant and his attorneys, mailed a copy of the notice at Santa Cruz, directed to the respondent's attorneys at San Francisco, but he does not state that he, or those for whom

he acted, resided at Santa Cruz. The Practice Act (Sec. 521) provides, that " service by mail may be made when the person making the service, and the person on whom it is to be made, reside in different places, between which there is a regular communication by mail." The notice of appeal is signed by appellant's attorney, and he, and not his agent, must be regarded as " the person making the service." (*Schenck* v. *McKie*, 4 How. Pr. 246.) No presumption arises that he resided at Santa Cruz from the circumstance that the action was tried at that place. The fact that he resided there should have been shown by the affidavit, under the rule that a party relying upon substituted service, must show a strict compliance with the requirements of the statute. (*People* v. *Alameda Turnpike Road Company*, 30 Cal. 182; *Doll* v. *Smith*, 32 Cal. 475.)

Counsel did not offer to supply the facts omitted from the affidavit. We have heretofore indicated the course to be pursued in this respect. When the notice of appeal has been properly served, whether by personal or substituted service, the appellant, upon the hearing of the respondent's motion to dismiss the appeal on the ground that there is no proof of service, or that the proof is defective, may move for leave to supply the omitted proof. Upon leave being granted, the appellant may file in the Court below the requisite affidavit, or official certificate of service, and a certified copy thereof may be annexed to the record in this Court. This proof may be made and the certified copy procured before the hearing of the respondent's motion, when there is sufficient time after the defect is discovered.

Appeal dismissed.

Mr. Justice Sanderson expressed no opinion.