[No. 7,215—In Bank.]
October 3, 1882.

## EDWARD P. REED *v.* ROBERT ALLISON.

SERVICE BY MAIL—NOTICE OF APPEAL—PARTITION — JURISDICTION—PARTIES—PARTIES IN PARTITION.—In an action for partition, all of the parties are actors, each against each, and all others.

SERVICE OF NOTICE OF APPEAL IN PARTITION SUIT.—In an action for partition, the notice of appeal must be served upon all the parties respondent.

SERVICE BY MAIL.—At the date of the notice of appeal the attorney of the appellant resided in San Rafael, in Marin County; of the attorneys for the respondents some resided in San Francisco, Los Angeles, San José, San Diego, Redwood City, and one in Plattsburg, in the State of Missouri. Between San Rafael and each of those places there was at the time a regular communication by mail.

*Held:* 1. The situation was therefore such that the attorney for defendant could have served the notice of appeal by mail, by following the provisions of Section 1013, C. C. P.; 2. The conditions involved in the fact. of service by mail are, that the person making the service, and the person on whom it is to be made, reside or have their offices in different places, and that there shall be a regular mail communication between the places.

ID.—The attorney for the appellant caused a copy of the notice of appeal, properly directed, etc., to be mailed at San José, where he neither resided nor had an office, and did not mail it at San Rafael, where he did reside.

*Held:* Although there was a regular mail communication between San José and the several places of residence of the respondents' attorneys, the provisions of the Code, which must be strictly followed, were not complied with, and the service was not sufficient.

DISMISSAL OF APPEAL FOR FAILURE TO SERVE NOTICE OF APPEAL.—In order to give jurisdiction to the appellate Court, of an appeal, the notice of appeal must be properly served, and if not properly served, the appeal will be dismissed.

APPEAL by the defendant, John Treat, from the final judgment of partition in the District Court of the Twentieth Judicial District, of the State of California, in and for the County of Santa Clara. BELDEN, J.

Action for partition of real estate. Some of the respondents moved to dismiss the appeal. The facts are stated in the opinion.

*S. F. Leib,* for the Motion.

1. This is an action of partition. The final decree has been made, and each man now claims to own a specific parcel of the ranch in severalty. From such a decree, the appeal must be against all or none, since all must be disturbed in their several ownerships, or none can be so disturbed. This is self-evident, and has been repeatedly decided. (*Senter* v. *De Bernal,* 38 Cal. 637; *Paxton* v. *Humber,* 39 Mo. 521; *Summerlin* v. *Reeves,* 29 Tex. 88; *Hiscock* v. *Phelps,* 2 Lans. 118, 120.) But in this case, as we shall see, only part of these owners were served with the notice of appeal.

2. Personal service only was had upon Reed, Samuella Crosby, Evelyn C. Crosby and Fairchild. Substitute service by mail was attempted on the balance of the parties. When such service is relied upon strict compliance with the statute must be shown. (*Moore* v. *Besse,* 35 Cal. 187, and cases cited.)

One of the requirements is that the person making the service, and the person on whom it is made must reside or have their offices in different places between which there is a regular communication by mail.   (C. C. P. § 1012.)   And the person making such service is the attorney of record, and not some messenger boy or outside party whom he choses to employ to do the mere physical act of making the deposit in the post-office.   (*Moore* v. *Besse,* 35 Cal. 187.)   That being so, the attempted substituted service by mail in this case is an entire failure, since the deposit in the post-office is made in San José, and the attorney has no office or residence in Santa Clara County.   Not only that, but it appears that part of the parties, (Luco and Irving, for instance,) who are attempted to be thus served by mail from San José, are actually residents of the same city where the attorney has his office.   This whole question has been sharply presented and squarely determined.   (*Moore* v. *Besse,* 35 id. 184.)

There being no pretense for any authority to make service by mail except the statute, it is evident the statute should be complied with.   Otherwise there would be no rule whatever on the subject.

*A. C. Peachy,* also for the Motion, cited C. C. P. §§ 410, 1010–1012, and 6 Ad. & El. 7.

*John Reynolds* and *S. O. Houghton,* also for the Motion.

*J. M. Seawell, contra.*

The attorney for the appellant was personally present at San Jose, for the purpose of perfecting this appeal.   He filed the notice of appeal with the Clerk of the Court below, and made personal service thereof upon the attorneys for respondents who reside at San José.   At the request of appellant's attorney, and while he was still at San José, M. J. Ashmore, a Deputy County Clerk, residing at San José, deposited in the post-office at San José, copies of the notice of appeal inclosed in an envelope, with the postage prepaid thereon, and directed to each of the attorneys not residing at San José or in Santa Clara County, at their respective places of residence. Between San José and the places last mentioned, there was a

regular communication by mail, as there was, likewise, between San Rafael and those places. The communication from San Rafael and from San José to those places was equally regular and frequent, except that on the occasion referred to, the notices would, in the ordinary course, reach the persons addressed sooner if deposited at San José, than if deposited at San Rafael, on the return of appellant's attorney to San Rafael.

"Service by mail may be made, when the person making the service and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail." (C. C. P. § 1012.)

A contingency had arisen, in which service could be made by mail. The person making the service, and the persons upon whom the service was to be made, resided in different places, between which there was a regular communication by mail. In such a case, the statute says that service may be made by mail. The fact that the attorney for appellant had an office in the same place where attorneys for some respondents had an office, is immaterial. The statute says, "reside or have their offices in different places." The attorney for the appellant was not then in the place where he had an office.

What is the true construction of the word reside, in this section? Does it refer to the place of residence where the party would be entitled to vote or hold office, or does it refer to the place where the party then lawfully is, without reference to the question as to whether or not it is his permanent abode. In case of service of summons by publication, the statute requires that a copy of the summons and complaint shall be deposited in the post-office, directed to the defendant at his place of residence (if known). The universal practice under this statute has been, to mail a copy of the summons to the defendant at his temporary residence abroad, even when his domicile for all purposes of suffrage and citizenship was in California. The more reasonable construction of the statute would seem to be, that an attorney would be deemed to reside, for the time being, at the place where he is personally present, particularly where, as here, he was engaged in the particular business to which the notice related. But even if the usual meaning of the word "reside" is to prevail, then

unquestionably it was a case where service could be made by mail.

It is next contended that appellant's attorney could not deposit in the post-office at San José, because he did not reside there. The Code provides that in a case like this, the persons to whom the notices were mailed are presumed to have received them in the regular course of the mail. (C. C. P., § 1963, Subdv. 24.) Nor was the precise time of the service material. Time was only important in reference to excepting to the sureties on the appeal bond, and Section 1013, Code of Civil Procedure, extends the time one day for every twenty-five miles distance between the place of deposit and the place of address. No suggestion is made by anybody that he did not receive his notice, and the law presumes that in fact the notices were received by those to whom they were addressed.

It is a complete answer to this objection to say, that the statute does not in terms require that the deposit should be made in the post-office of the residence. It simply requires that it should be deposited in "the post-office, addressed," etc. The mailing at San José was in all respects the legal equivalent of a mailing at San Rafael. Is it not childish to say that under the circumstances of the case, a mailing at San José was not as good as a mailing at San Rafael?

McKEE, J.:

This case arises out of an action of partition in which the parties to the action are all actors or plaintiffs, each against each and all others. The case comes before us on appeal from the final judgment. On such an appeal it is necessary that notice of appeal should be served upon all the parties respondent, else the appeal will be ineffectual (*Senter* v. *De Bernal*, 38 Cal. 638); and, because, as it is contended, notice of the appeal has not been served upon some of the respondents nor their attorneys, a motion is made to dismiss the appeal.

The notice of appeal is dated April 10, 1880. At that time the attorney of appellant and some of the parties and the attorney of the parties to be served, resided and had their offices in different counties: The attorney for the appellant resided

in San Rafael, Marin County. Of the attorneys for respondents some resided in San Francisco, Los Angeles, San José, San Diego, Redwood City, and one of the parties in Plattsburg; in the State of Missouri. Between San Rafael and each of those places there was, at the time, a regular communication by mail. The situation was therefore such that the attorney for appellant could have served the notice of appeal by mail, by following the provisions of Section 1013, C. C. P.

According to those provisions, the conditions involved in the fact of service by mail are: 1. That the person making the service and the person on whom it is to be made reside or have their offices in different places; and, 2. That there shall be a regular mail communication between the "places." Upon the existence of these conditions service may be made upon the party or his attorney by depositing the notice in the post-office, addressed to the person to be served, at his office or place of residence, and the postage paid. When the deposit is made in the post-office the service is deemed complete. (§ 1013, *supra*.)

The attorney for the appellant caused a copy of the notice of appeal, properly directed, etc., to be mailed at San José, where he neither resided nor had an office, and did not mail it at San Rafael, where he did reside. But between San José and the places named there was a regular communication by mail; and the question arises, in what post-office must the deposit of the notice be made to constitute service? Can it be made in any of the counties of the State?

Undoubtedly the object of depositing the notice in a post-office, in the manner prescribed by the law, is the transmission of the notice by mail to the person to whom it may be directed. For that purpose the notice must be deposited in one or other of the post-offices of the places where the parties have their residences or offices, because these are the only places mentioned in the Code within the conditions of service. But a deposit in a post-office in the county or place in which a party who may be served by mail has his residence or office, would not constitute service on him by mail, because a service on him at his residence or office in his own county, to be effectual, must be made personally or construct-

ively, in the manner prescribed by Subdivisions 1 and 2 of Section 1011, Code of Civil Procedure. It could not be made by mail, unless the residence of the attorney or party to be served was unknown. (Id.) Therefore, to constitute service by mail, the deposit in the post-office must be made in the post-office at the place where the attorney making the service resides or has his office, *provided* there be a regular communication by mail between it and the post-office of the place where the person on whom the service is to be made resides or has his office. (*Corning* v. *Gillman*, 1 Barb. Ch. 649.)

Service by mail is good only where the person making the service and the person on whom it is to be made reside in different places, between which there is a regular mail communication; and the affidavit of service must show a strict compliance with the provisions of the statute, otherwise the evidence must be held insufficient to establish the fact of service. (*People* v. *Turnpike Co.*, 30 Cal. 182.) In other words, when service is sought to be made by mail, it should appear that the conditions on which the validity of such service must depend had existence, otherwise the evidence will be deemed insufficient to establish the fact of service. (*Clark* v. *Adams*, 33 Mich. 164.)

In *People* v. *Turnpike Co.*, *supra*, the affidavit of service omitted to show the existence of a regular communication by mail between the two places of the residences of the attorneys for the appellants and the respondents; and the appeal was dismissed because there was no effectual service of the notice. In *Moore* v. *Besse*, 35 Cal. 184, the affidavit of service omitted to show that the attorney making the service resided at the place where the notice of appeal was mailed, and the appeal was also dismissed because the service was insufficient.

In the case in hand the record shows affirmatively that the attorney who made the attempted service did *not* reside at the place where he mailed the copy of the notice of appeal; and it follows, upon principle as well as precedent, inasmuch as the attempted service of the notice of appeal has not been made according to the provisions of Section 1013 of the Code of Civil Procedure, that the appeal must be dismissed. This Court does not acquire jurisdiction of an appeal, unless the

record shows that the notice of appeal was served according to law. (*Franklin* v. *Reiner,* 8 Cal. 340; *Buffendeau* v. *Edmondson,* 24 id. 94.)

Appeal dismissed.

MORRISON, C. J., SHARPSTEIN and MYRICK, JJ., concurred.