[No. 11866.   Department One. — June 30, 1887.]

ELEANOR MURDOCK, ADMINISTRATRIX OF THE ESTATE OF ADAM MURDOCK, DECEASED, APPELLANT, v. C. W. CLARKE ET AL., RESPONDENTS.

APPEAL — NOTICE — SERVICE BY MAIL — DEPOSIT IN POST-OFFICE. — Where the respective attorneys for the appellant and the respondent reside and have their offices at different places, between which there is regular communication by mail, a service by mail of a notice of appeal is insufficient, if the notice is deposited in the post-office at a place other than that at which the attorney for the appellant resides or has his office.

APPEAL from an order of the Superior Court of Butte County granting a new trial.

Motion to dismiss appeal.   The facts are stated in the opinion of the court.

*J. D. Goodwin,* and *D. W. Jenks,* for Appellant.

*A. L. Hart,* and *S. Solon Holl,* for Respondents.

The COURT.—Motion is made to dismiss this appeal on the ground, among others, that the notice of appeal was not served as required by law.

Appellant's attorneys resided, one at Quincy, Plumas County, the other at Alturas. Respondents' counsel resided at Sacramento. The case was pending in Butte County, and was tried at Oroville in that county. There was regular communication by mail between Oroville and Sacramento; also between both Quincy and Alturas and Sacramento.

The notice of appeal was served by mail from Oroville.

The objection seems to be sustained by the case of *Reed* v. *Allison,* 61 Cal. 461; also by *Moore* v. *Besse,* 35 Cal. 184, and *Cunningham* v. *Warnekey,* 61 Cal. 507.

If we were to adopt the view of appellant, that it would be a sufficient answer to the objection to show that the notice of appeal was actually received by respondents' counsel in due time, that fact is not made to appear here. Manifestly, under such view, this should appear by express and positive evidence. It could not be shown by a presumption as to the regularity of the mails.

The alleged stipulation to extend the time for filing transcript is denied and is not produced. If it were admitted, however, it would be difficult to see how it could constitute a waiver of the notice of appeal.

The motion must be granted.

Appeal dismissed.