[No. 13567.    In Bank.—April 24, 1890.]

# MINNIE LUCK, APPELLANT, v. WILLIAM LUCK, RESPONDENT.

DIVORCE—CUSTODY OF CHILDREN—POWER AND DISCRETION OF SUPERIOR COURT—APPEAL FROM PART OF DECREE—DISMISSAL.—An appeal may be taken from that part only of a decree of divorce in favor of plaintiff which awards the care, custody, and control of the children to the defendant, regardless of the power of the lower court to modify its decree in that respect. Nor will the rule that the appellate court will not disturb the action of the court below in exercising its discretion in such matters affect the question whether the order as to the custody of the children is appealable or not, or constitute ground for a dismissal of the appeal. Any part of a final decree is appealable, whatever its nature.

APPEAL—SERVICE OF NOTICE BY MAIL—CASES OVERRULED.—The cases of *Reed* v. *Allison*, 61 Cal. 461, and *Murdock* v. *Clarke*, 73 Cal. 25, which hold that a notice of appeal can only be served by mail when mailed at the place where the person serving it resides or has his office, are over-

ruled, as being based upon an erroneous construction of sections 1012 and 1013 of the Code of Civil Procedure. The notice need not be deposited in the post-office at any particular place, the only essentials being residence or offices in different places, and a regular mail communication between the place of mailing and the place of destination.

MOTION to dismiss an appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*F. J. Kierce,* for Appellant.

*Chase & Chase,* for Respondent.

PATERSON, J. — This is an action for divorce. The prayer of the plaintiff was denied, and the custody of the children was awarded to the defendant. Plaintiff appealed from that portion of the judgment giving the care, custody, and control of the children to the defendant.

Respondent moves to dismiss the appeal on the following grounds: "That the portion of the judgment appealed from is not appealable; that the notice of appeal was not served as required by sections 1012 and 1013 of the Code of Civil Procedure; that the notice of appeal was served by an attorney — Kierce — who had no authority to sign or serve it.

1. The right to the care, custody, and control of the children was an issue in the case; judging from the nature of the appeal, it was the issue upon which the parties made their chief efforts. Plaintiff alleged that defendant was not a fit person to have the care of the children. Defendant denied the allegation, and countered with a similar accusation against the plaintiff. The portion of the judgment appealed from is a part of the final decree; and an appeal may be taken from any final decree, whatever its nature, and from any part thereof. The fact that the court below may modify the decree, so far as the children are concerned, does not

deprive the defeated party of her right to have this court say whether the judgment of the court below is correct. Such party is not bound to wait for the court below to change its judgment. The cases cited upon the proposition that the appellate court will not disturb the action of the court below in exercising its discretion in such matters have no bearing on the question as to whether the order is appealable.

2. The attorney who served the notice of appeal resided and has his office in the city of San Francisco, and the attorneys for respondent reside in Martinez, Contra Costa County. The notice was served by depositing it in the post-office at Oakland, with postage prepaid, and addressed to the attorneys for respondent at Martinez. It is claimed that the service was ineffectual, because the notice was not mailed at San Francisco; and the case of *Reed* v. *Allison,* 61 Cal. 461, is relied on in support of the contention. That case had been tried in the city of San José, and the attorney for appellant, being in that place on business, served the notice of appeal personally on the respondents residing there, and mailed notices to the other respondents. The attorney for appellant resided at San Rafael, Marin County. The court held that the attempted service upon the respondents residing at Redwood City, San Francisco, and other places, except at San José, was void; and it being an action of partition, and necessary to have all the parties before the court, the appeal was dismissed. We think that case, and *Murdock* v. *Clarke,* 73 Cal. 25, which followed it, in Department, should be overruled. The decision in *Reed* v. *Allison* was based upon a construction of sections 1012 and 1013 of the Code of Civil Procedure, which, in our opinion, is not warranted by the language of those sections, and upon cases which do not support the conclusion reached. As was said in that case: "The conditions involved in the fact of service by mail are: 1. That the person making the service, and the person on whom it

is to be made, reside or have their offices in different places; and 2. That there shall be a regular mail communication between the places." These conditions existed in that case. The attorney for appellant, and the respondents and their attorneys, resided in different places, and there was regular mail communication between all of the places.

The statute does not in terms require the notice to be deposited in the post-office at any particular place, the essential things being simply residence in different places (if the parties reside in the same place the service should and must be personal), and the fact of regular mail communication between the place where it is mailed and the place to which it is sent. "In case of service by mail, the notice or other paper must be deposited in the post-office, addressed to the person on whom it is to be served," is the language of the section (1013) which directs how service by mail is to be made. There is nothing in the language of this or any other statute indicating an intention on the part of the legislature to require the party making the service to deposit the paper in any particular one of the post-offices of this state having regular mail communication with the place to which the paper is to be sent. There can be no good reason assigned for such a construction or for such a provision. The fact that, under the construction which we give to the section, the paper may be sent from a place in the central part of the state to one end of the state, and there mailed to the party to be served living in the other end of the state, is a thing not at all likely to occur, and could not prejudice the rights of the respondent if service should be made in that way. It is provided that "the service is complete at the time of the deposit; but if within a given number of days after such service a right may be exercised or an act be done by the adverse party, the time within which such right may be exercised or act be done is extended one day for every

twenty-five miles distance between the place of deposit and the place of address." The rights of respondent are thus carefully preserved against any abuse by the moving party of the privilege given him. On the other hand, it may often happen, as it did in *Reed* v. *Allison*, that the attorney for appellant is engaged in preparing his appeal at a place other than his residence or office. What good reason can be given for requiring him to mail the notice from the place in which he resides, especially where such place is farther from the place to which the notice is to be sent than the place where he is engaged at the time? This case was tried in Oakland, and the notice was deposited in the post-office at that place, which is nearer Martinez than San Francisco is. It would be an absurd requirement which would compel the person making the service to perform the act in San Francisco which could be done as effectually and with more convenience and expedition, and less risk, in Oakland. But it is sufficient to say that the statute does not require that the deposit should be made in the place where the party making the service resides. The cases of *Corning* v. *Gilman*, 1 Barb. Ch. 649, and *Moore* v. *Besse*, 35 Cal. 184, do not sustain the reasoning in *Reed* v. *Allison*, 61 Cal. 461, so far as the question before us was involved. In *Corning* v. *Gilman* the decision was upon the ground that the fourteenth rule of the court required the notice to be deposited in the post-office where the moving party resided. The rule is not reported. In *Moore* v. *Besse* the court decided that a party relying upon substitute service by mail must show that he and the person upon whom service is made reside in different places. They may have resided in the same place, in which event personal service was necessary; and no presumption arises from the fact that a case is tried in a particular place that the attorney of the moving party resides there. That is all the court decided in that case which bears on the question before us.

There is no merit in the contention that Kierce was not substituted as an attorney for appellant in the place of her former attorney, Smith, and that the notice and service are without authority and void. The substitution was duly made, and notice thereof given to the attorneys for respondent.

Motion denied.

McFarland, J., Fox, J., Beatty, C. J., and Sharpstein, J., concurred.