[S. F. No. 343.    Department One.—February 25, 1897.]

## KENNEDY AND SHAW LUMBER CO. (A CORPORATION), APPELLANT, v. N. DUSENBERY ET AL., RESPONDENTS.

NONSUIT—FAILURE TO EXCEPT—PRESUMPTION UPON APPEAL.—Where a nonsuit is granted, and the plaintiff fails to except to the order granting it, it must be assumed upon appeal that, upon the evidence before the court, the nonsuit was properly granted.

ID.—FINDINGS.—Where a nonsuit is granted, there is no occasion for any findings upon the issues presented by the pleadings.

ID.—FORECLOSURE OF MECHANICS' LIENS—CONSOLIDATION OF ACTIONS—DEFAULT OF CONTRACTOR—EFFECT OF NONSUIT AS TO OWNERS.—Where several actions to foreclose mechanics' liens are consolidated, and a nonsuit is granted in favor of the owners as to one of the plaintiffs for the insufficiency of his claim of lien, they are entitled to judgment against him for costs, and he is not entitled to judgment against them for the unpaid amount of the purchase price; but such plaintiff still remains a party to the action as against the other lien claimants and the contractor, and when the contractor has made default, is entitled to judgment against him by default.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*William H. Jordan,* and *H. M. Barstow,* for Appellant.

*Naphtaly, Freidenrich & Ackerman,* for Respondents.

HARRISON, J.—Nine actions for the foreclosure of certain mechanics' liens, of which one was by the appellant, were commenced in the superior court, and by the order of the court consolidated and thereafter tried. The plaintiffs in the several actions were materialmen, and claimed liens upon certain buildings of the defendants Dusenbery and Stencel for materials which had been furnished by them to one Green, by whom the building had been constructed under a contract therefor with Dusenbery and Stencel. The defendant Green was a defendant in the several actions, but his default for want of appearance was entered in the action brought by the appellant. A nonsuit was granted against the appellant in behalf of the defendants Dusenbery and Stencel. Findings of fact were thereafter made, and judgment rendered in favor of the other claimants, from which this appeal has been taken upon the judgment-roll without any bill of exceptions.

It is recited in the findings that "the defendants Dusenbery and Stencel at the close of the evidence introduced in support of the claim of lien of plaintiff, Kennedy & Shaw Lumber Company, moved for a nonsuit against said plaintiff, which motion was granted." No exception was taken to this ruling of the court, and we must assume that upon the evidence before it the nonsuit was properly granted. It does not appear that any evidence was afterward presented to the court, and, as the appellant was nonsuited, there was no occasion for any findings upon the issues made upon the averments in its complaint. In its findings of fact the court finds that during the construction of the building the appellant furnished to the contractor certain lumber which was used in the construction of said building, "but the evidence fails to show the quantity of lumber or the reasonable value of the lumber which was furnished"; and in its conclusion of law finds that the appellant is not entitled to any judgment. It is contended by the appellant that it was error for the court,

after having nonsuited it, to make these findings of fact and render the judgment against it.

Upon the consolidation of the several actions the plaintiffs therein became actors in the suit against each other, as well as against the owners, and each was entitled to reduce or avoid the lien of either of the others by any evidence that would have that effect. The nonsuit of the appellant was granted only in favor of the defendants Dusenbery and Stencel, and the judgment from which the appeal is taken merely determines that the appellant shall take nothing as against them, and that they shall have judgment against the appellant for their costs. After the nonsuit had been granted in favor of the owners, the appellant still remained a party to the consolidated action as against the other plaintiffs in the several actions, and the judgment which was finally entered is in the form which is proper to be entered upon a nonsuit. The foregoing statement in the findings may be treated as a reason for the order granting the nonsuit, but it does not strengthen or invalidate the judgment which was entered in the action. Neither the findings nor the judgment entered thereon purport to determine any right of the appellant, as against the contractor, but simply to determine that, as against the owners, the appellant is not entitled to a lien, and consequently is not entitled, as against the owners or the other lien claimants, to any portion of the unpaid amount of the contract price.

As the nonsuit was granted in favor of only the defendants Dusenbery and Stencel, it did not affect the default of the contractor that had been previously entered, or the right of the appellant to the judgment authorized by that default. Unless, however, the plaintiff established a lien upon the property, he was not entitled to a judgment against the owners for the unpaid amount of the contract price. Whatever remained of this amount after satisfying the other liens was a simple debt of the owners to the contractor, and they could not be directed in this action to pay it to the appellant.

The provision in the decree giving to the owner judgment against the appellant for their costs is not on its face erroneous.   It does not appear that any costs were taxed, and no amount is named in the judgment.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred