[Civ. No. 978.   Second Appellate District.—July 27, 1911.]

C. GANAHL LUMBER COMPANY, a Corporation, and FRICK–FLEMING HARDWARE COMPANY, a Corporation, Appellants, v. M. WEINSVEIG, Respondent; O. F. PEALER, Appellant, v. M. WEINSVEIG, Respondent, and Consolidated Cases.

Mechanics' Liens—Abandonment of Contract—Notice—Completion by Owner—Date not Found—Unsupported Finding—Continuous Occupation—Personal Judgment—Reversal.—In a consolidated action to enforce liens under a valid building contract, in which it appears that within less than thirty days after abandonment of the contract the owner filed a notice of cessation of labor by the contractor, and immediately took possession, solely to complete the building, where the date of its completion is not found, and a finding that the owner was in continuous occupation and use of the building from the date of his possession, is against the evidence, the court's judgment by which it was determined that the appellant lien claimants must be limited to a personal judgment against the contractor, must be reversed, and the cause remanded for proper findings.

Id.—Construction of Code—Constructive Completion by Owner's "Occupation or Use"—Inapplicability to Actual Completion.— The concluding portion of section 1187 of the Code of Civil Procedure, providing that "the owner's occupation or use of a building,

improvement or structure . . . shall be deemed equivalent to a completion thereof," has no application to the possession created by the owner in assuming to proceed with the actual completion of an unfinished building as to which the contractor had abandoned his contract.

ID.—INSUFFICIENT CESSATION OF LABOR—TIME FOR FILING LIENS NOT STARTED BY NOTICE.—There was no sufficient cessation of labor for thirty days to create a constructive completion of the work, by the notice filed by the owner, to start the time for the filing of notices of lien, the cessation being for a much less period, as proved by the owner of the building, before he took possession to complete the building. In such case, the filed notice of cessation of labor cannot deprive the lien claimants of their right to file their liens in time after the final completion of the building.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

G. C. De Garmo, for Appellants first named.

W. T. Blakely, for O. F. Pealer, Appellant.

J. L. Murphey, for M. Weinsveig, Respondent.

A. M. Norton, Percy R. Wilson, J. W. Ballard, Lloyd W. Moultrie, and John Foley, for other Respondents in Consolidated Cases.

JAMES, J.—Seven actions brought in the superior court to enforce liens alleged to be then existing in favor of the plaintiffs against the property of defendant Weinsveig were consolidated and trial was had in the consolidated action. The trial court determined that several of the lien claimants were entitled to have liens enforced against the property of said defendant, and a large sum of money which was deposited in court by defendant Weinsveig, and which represented the balance due to Reeve, the contractor, was ordered distributed among the successful plaintiffs. The appellants here, three in number, were not allowed to participate in the distribution of this fund, and the court determined that they were not entitled to enforce liens, but that they were entitled to judgment against the contractor only,

for the amounts of their several claims. The appeal is from the judgment. So much of the evidence as was thought sufficient to illustrate the errors assigned by appellants is presented in the form of a bill of exceptions.

By the findings of the court it is shown that a contract was entered into between defendant Reeve, as contractor, and defendant Weinsveig, as owner, for the erection of a three-story frame building on the property owned by said Weinsveig; that this contract and the specifications for the doing of the work were duly recorded in the office of the county recorder, and the contractor proceeded with the erection of the building until December 4, 1907, when he gave notice to the owner that he would not proceed further with his contract and abandoned the same; that the building was not then completed, and that after the fourth day of December, 1907, said Reeve, the contractor, did no work nor caused any to be done upon the building, and that he furnished no further material for use upon the same. The court further finds that on the tenth day of January, 1908, the owner filed in the office of the county recorder a notice in writing, stating that work under the contract had ceased on the fourth day of December, 1907, and that the contractor had abandoned his contract. There is a further finding that, on December 10, 1907, defendant Weinsveig, the owner, took possession of the building and occupied the same, and that he ever since has occupied and used the building. It is found that the allegations of the complaints of the several appellants with respect to the amounts of their claims are correct, and it is found further that notices of lien were filed for record on behalf of the appellants Ganahl Lumber Company and Frick-Fleming Hardware Company on the second day of March, 1908, and that a notice of lien on the part of appellant O. F. Pealer was filed on the twentieth day of March, 1908. These notices of lien were in due and regular form. The only findings made by the trial court which are attacked by appellants are those numbered 7, 8, 10, 10½ and 12, and it is contended that these findings are not supported by the evidence. No finding was made by the trial court showing when the building was completed. An issue is made by the pleadings as between the appellants Ganahl Lumber Com-

16 Cal. App.—44

pany and Frick-Fleming Hardware Company and defendant Weinsveig as to the date upon which the building was completed, but that issue was left undetermined by the court. As between appellant Pealer and defendant Weinsveig, it was alleged by Pealer and admitted by Weinsveig that the building was completed on or about the seventh day of March, 1908, and further, that notice of completion was recorded by Weinsveig as owner on the tenth day of March, 1908. The notice of lien of appellant Pealer was, as found by the court, filed on March 20, 1908. From the findings it cannot be ascertained whether the building was ever completed after Reeve abandoned his contract on the 4th of December, 1907. It is said in the briefs of counsel that the trial court determined that appellants here were entitled to no lien because of their failure to record a notice within thirty days after defendant Weinsveig had recorded (on January 10, 1908) a notice stating that work had, on the fourth day of December, 1907, ceased upon the building. If finding 10½, which recites that "on December 10, 1907, the defendant Weinsveig took possession of said building and occupied the same, and ever since said December 10, 1907, has occupied and used said building," was intended, and we think that it bears that interpretation, to determine the date of the completion of the building, then it is a finding material to the issues. There is no evidence in the record, however, tending to support it; on the contrary, the evidence shows that Weinsveig took possession of the building only for the purpose of prosecuting the work as designed to be done under the contract with Reeve. He testified as follows: "There was no stoppage [of the work] for thirty days at any time from the time we started on the premises until I accepted the building. There was only about six days. We started work immediately after it was turned over to us. We started in between five or six days after." It is very evident that the finding of the court refers to the date upon which Weinsveig assumed charge of the work upon the building, but the evidence does not sustain that portion of the finding which recites that the owner, from the tenth day of December, 1907, occupied and used the building. The concluding portion of section 1187, Code of Civil Procedure, provides that occupation or use of a building by the owner shall be deemed

equivalent to a completion thereof, but the occupation and use intended to be described in that section is certainly not the occupation such as would be created by the owner assuming to proceed with the work of constructing an unfinished building where the contractor had abandoned his contract. There is no evidence shown to the effect that there was any cessation of labor upon the structure for a period of thirty days, the only cessation shown being that which extended over three or four days. There was no such cessation of work, therefore, as would, under the provisions of section 1187, just cited, start the time running for the filing of notices . of lien for work done or materials furnished prior to the date of abandonment of the contract by the contractor. The case of *Robison* v. *Mitchell,* 159 Cal. 581, [114 Pac. 984], is determinative of the proposition that in a case where the facts are as here shown, the owner cannot, by the filing of. a notice of cessation of labor after abandonment by the contractor of his contract, deprive lien claimants of their right to enforce their liens, notices of which were properly recorded within the time allowed by law after completion of the building. The court in the case cited has given very full consideration to the matter adverted to, and we think that the application of that decision to this case fully settles the point suggested. If the building was completed on the first day of March, as alleged by the plaintiffs Ganahl Lumber Company and Frick-Fleming Hardware Company, then the notices of lien filed by these parties on the second day of March, 1908, were filed in time. In the Pealer case, under the facts admitted by the pleadings, the date of completion was the seventh day of March, 1908, and the notice of lien recorded on the twentieth day of March was filed within thirty days after the building was completed and in time. As we have before mentioned, the finding of the court that the building was occupied and used by Weinsveig at and subsequent to the tenth day of December, 1907, finds no support in the evidence shown in the bill of exceptions.

We do not think that the other points urged by appellants call for extended notice or discussion. In our opinion, they are without merit. The contract as made between the contractor and owner appears to be regular and valid, and there was no deviation from any of the terms thereof as to the

manner of doing the work, or as to the quantity or kind of materials provided to be furnished and used. We cannot adopt the suggestion of counsel for respondent Weinsveig, that upon a reversal of the judgment it will be proper to here fix the rights of appellants and provide that they shall participate in the fund deposited for the benefit of the lien claimants in the court below. The evidence does not sustain the findings in the particular we have noticed, and therefore other findings must be made, and this can be done only upon a retrial of the action.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1911.