[L. A. No. 3350. Department One.—October 15, 1914.]

# G. GANAHL LUMBER COMPANY (a Corporation), FRICK–FLEMING HARDWARE COMPANY (a Corporation), Plaintiffs, Appellants, and Respondents, v. M. WEINSVEIG, Defendant, Appellant, and Respondent, and Consolidated Cases.

APPEAL FROM PORTION OF JUDGMENT—RIGHT TO TAKE—JURISDICTION OF APPELLATE COURT—EFFECT OF REVERSAL.—A party may appeal from a specific part of a judgment, and such appeal ordinarily will bring up for review only the part appealed from, leaving all other parts of the judgment in full force. In that case the appellate court has no jurisdiction to review any part of the judgment except the part to which the appeal is directed, and an order of reversal, although general in its terms, will be construed to apply only to the part brought up for review.

ID.—MECHANICS' LIENS—ACTION TO FORECLOSE—APPEAL FROM PART OF JUDGMENT—EFFECT OF REVERSAL ON PORTION NOT TAKEN UP FOR REVIEW.—Where, in consolidated actions for the foreclosure of mechanics' liens, an appeal is taken by some of the claimants from that part of the judgment in favor of the owner and against them, another part of the judgment, distributing to other lien claimants the fund deposited in court by the owner, from which no appeal is taken, becomes final, and upon a second trial the court properly limits the claims of the appellants against the owner to the difference between the total amount found applicable to liens, and the amount awarded by the first judgment to other lien claimants.

ID.—ABANDONMENT OF WORK BY CONTRACTOR—APPORTIONMENT OF CONTRACT PRICE TO LIENS—VALIDITY OF CODE SECTION.—The rule of section 1200 of the Code of Civil Procedure, fixing the portion of the contract price applicable to the liens of other persons than the contractor where he abandons the work before completion, is not an invasion of the constitutional rights of the owner, where the application of the section results in the payment by him of a total sum in excess of the contract price.

ID.—FAILURE TO COMPLETE BUILDING ON TIME—LOSS OF RENTS—DEDUCTION FROM AMOUNT AVAILABLE TO LIENS.—Damages claimed by the owner of a building for loss of rents occasioned through failure of the contractor to finish the building within the time agreed, cannot be deducted from the fund available to lienors where the contractor has abandoned his contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying new trials. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

G. C. De Garmo, and Wm. T. Blakely, for Plaintiffs.

J. L. Murphey, J. W. Ballard, A. M. Norton, John H. Foley, and Lloyd W. Moultrie, for Defendant.

SLOSS, J.—G. Ganahl Lumber Company, Frick-Fleming Hardware Company, O. F. Pealer, and five others instituted actions to foreclose mechanics' liens upon a lot and building owned by the defendant Weinsveig. The building had been partially constructed under a contract between Weinsveig, as owner, and one Reeve, as contractor. Reeve abandoned his contract and the building was completed by Weinsveig. The actions were consolidated. The judgment of the court was that three of the lien claimants, to wit, G. Ganahl Lumber Company, Frick-Fleming Hardware Company, and Pealer were not, and that the other five claimants were, entitled to liens; that the liens of said five be transferred from the real property to a fund of $1,847.05, theretofore deposited in court by the owner, and that said fund be distributed, in proportions fixed by the decree, among the successful claimants. The three who were denied liens were given judgments against the contractor, and the owner, Weinsveig, was given judgment against them for his costs. These three plaintiffs thereupon appealed ''from that portion of the judgment . . . in behalf of defendant Weinsveig and against plaintiffs G. Ganahl Lumber Company, Frick-Fleming Hardware Company, and O. F. Pealer.'' The appeal was transferred to the district court of appeal for the second appellate district, and that court reversed the judgment on the ground that a finding relative to the completion of the building was not sustained by the evidence. (*G. Ganahl Lumber Co.* v. *Weinsveig,* 16 Cal. App. 687, [117 Pac. 954].)

The cause came on for trial again upon amended pleadings. The owner, Weinsveig, set up, in addition to other matters, the former judgment and the notice of appeal therefrom, limited as above set forth. He alleged that, pending the appeal, the money deposited in court had been distributed among the five successful plaintiffs pursuant to the judgment, and that the judgment had been satisfied by said plaintiffs.

The court, upon the second trial, found in favor of these allegations. From them it reached the conclusion that, inasmuch as no appeal had been taken by G. Ganahl Lumber Company, Frick-Fleming Hardware Company, or Pealer, from the judgment in favor of other lien claimants, the part of the judgment distributing the fund of $1,847.05 among such other claimants had become final, and the parties appealing from the original decree could litigate (in addition to their liability for costs), only their right to hold the owner for the difference between said $1,847.05 and the amount for which he might, on a second trial, be found to be liable. Since the case was one in which the contractor had abandoned his contract, the amount applicable to liens was a portion of the contract price, to be computed according to the method defined in section 1200 of the Code of Civil Procedure. At the second trial that amount was determined to be $2,836.89, or $989.84 more than the sum which, by the first judgment, had been ordered distributed among the five successful claimants. This excess, the court concluded, was all that the three plaintiffs who had appealed from the original judgment were entitled to look to. Finding that they had established their right to liens, it apportioned this amount of $989.84 among them in the ratio of their respective claims, and entered a decree of foreclosure in their favor for the sums thus found due to them on account of their liens. From this judgment the plaintiffs G. Ganahl Lumber Company and Frick-Fleming Hardware Company appeal. The defendant Weinsveig also appeals from the judgment. All of said parties appeal, further, from an order denying their respective motions for a new trial.

The only question raised on the appeal of the plaintiffs is whether the court below was right in limiting their claims against the owner to the difference between the total amount found applicable to liens, and the amount awarded by the first judgment to other lien claimants. The appellants contend that, by the reversal on the first appeal, the first judgment was set aside in its entirety, and the cause set free for a new trial of all the issues. This position requires an examination of the scope and effect of the former notice of appeal. That notice, as has been stated, was not directed to the whole judgment, but only to "that portion" thereof "in behalf of defendant Weinsveig and against" the three plaintiffs there appealing.

It is now well settled in this state that a party may appeal from a specific part of a judgment. (Code Civ. Proc., sec. 940; *Early* v. *Mannix,* 15 Cal. 149; *Luck* v. *Luck,* 83 Cal. 574, [23 Pac. 1035]; *Whalen* v. *Smith,* 163 Cal. 360, [Ann. Cas. 1913E, 1319, 125 Pac. 904].) Ordinarily, such appeal will bring up for review only the part appealed from, leaving all other parts of the judgment in full force. (*Early* v. *Mannix,* 83 Cal. 574, [23 Pac. 1035].) Such partial appeal confers upon the appellate court no jurisdiction to review any part of the judgment except the part to which the appeal is directed (*In re Burdick,* 112 Cal. 387, [44 Pac. 734]), and an order of reversal, although general in its terms, will be construed to apply only to the part which was brought up for review. (*Whalen* v. *Smith,* 163 Cal. 360, [Ann. Cas. 1913E, 1319, 125 Pac. 904].) These rules do not apply "where the part appealed from is so interwoven and connected with the remainder, or so dependent thereon, that the appeal from a part . . . affects the other parts or involves a consideration of the whole, and is really an appeal from the whole." (*Whalen* v. *Smith,* 163 Cal. 360, [Ann. Cas. 1913E, 1319, 125 Pac. 904].) The present case falls, we think, within the general rule, and not within the exception. The three plaintiffs appealing directed their notice of appeal solely to so much of the judgment as was in favor of the owner and against them. They did not assail those parts of the judgment giving relief to other lien claimants. The various foreclosure actions having been consolidated, all of the claimants were seeking to enforce their claims out of a limited fund, the amount of which was determined by the terms of the contract, read in connection with the provisions of section 1200 of the Code of Civil Procedure. In the consolidated suit all of the plaintiffs were actors (*Kennedy* v. *Dusenbery,* 116 Cal. 124, [47 Pac. 1008]), and, unless the fund should turn out to be sufficient to meet all claims, each was occupying a position adverse to all of the others. The success of any one would deplete the fund to which every other claimant must look. A judgment which awarded that fund to certain claimants to the exclusion of others was, therefore, not only a judgment in favor of the successful claimants against the owner, but it was also a judgment in favor of such claimants (as well as in favor of the owner), against those who were denied participation in the fund. The first judgment determined, in effect: 1. That the

five nonappealing plaintiffs were entitled to liens for their claims; 2. That those claims should be satisfied, as far as possible, out of the fund of $1,847.05 deposited in court; 3. That the three appealing plaintiffs should not share in this fund; 4. That this sum was the limit of the owner's liability to lienors; 5. That the appealing plaintiffs were not entitled to liens or to any relief against the owner, and, 6. That the owner recover costs against the plaintiffs last named. Parts 1, 2, and 3 were in favor of the successful lien claimants and against the appealing plaintiffs. Parts 4, 5, and 6 were in favor of the owner and against said plaintiffs. The latter three, and they alone, were covered by the notice of appeal. The court of appeal was, accordingly, limited to a review of those parts of the judgment. Since the appellants, on the former appeal, made no attack on the adjudications that other claimants had liens and that the sum of $1,847.05 should be applied exclusively to the payment of those liens, the judgment, in these respects, was not presented to the appellate court for review, and was not affected by the reversal. On the other hand, the adjudications that the owner's liability did not exceed $1,847.05, and that plaintiffs were not, as against him, entitled to liens, were appealed from, and were vacated by the judgment on appeal. On the second trial, the court below rightly held that the plaintiffs had lost their right to resort to the fund which had, by the former judgment, been distributed to other claimants, but that they might litigate their right to liens, and enforce such liens against any amount found due from the owner in excess of the $1,847.05 ordered distributed by the former judgment.

These considerations dispose of the appeals by plaintiffs. They likewise meet the defendant owner's contention that the only matter left open for adjudication after the first appeal and the order of reversal thereon was the judgment in favor of the owner for costs.

Some further points are raised by the defendant Weinsveig in support of his appeal.

It is urged that the rule of section 1200 is an invasion of the constitutional rights of the owner, at least in a case where the application of the section results in the payment by the owner of a total sum in excess of the contract price. We have heretofore held that the section does not deprive lien claimants of any protection guaranteed them by the consti-

tution. (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152]; *Hoffman-Marks Co.* v. *Deming,* 154 Cal. 138, [97 Pac. 155].) In the Deming case the question of the owner's right to complain of the provision was suggested, but was not involved in such manner as to require, or indeed to justify, a decision. The point is now squarely presented. We are, however, satisfied that there is no merit in the owner's contention. It is true that, under the Mechanics' Lien Law in force at the time of the transactions under consideration, the liens could not, in the case of a valid contract, extend beyond the balance of the contract price properly due from the owner to the contractor. (*Butler* v. *Ng Chung,* 160 Cal. 438, [Ann. Cas. 1913A, 940, 117 Pac. 512]; *Kellogg* v. *Howes,* 81 Cal. 179, [6 L. R. A. 588, 22 Pac. 509]; *Stimson Mill Co.* v. *Braun,* 136 Cal. 122, [80 Am. St. Rep. 116, 57 L. R. A. 726, 68 Pac. 481].) But this is precisely the theory upon which section 1200 is framed. The contract having been abandoned, the entire contract price is not earned by the contractor, and the whole of it cannot be applied to the satisfaction of claims against the contractor. The performance of the contract has come to an end. The rights of those who claim under the contractor must be fixed with reference to the relation between him and the owner at the time of the abandonment. The proportion of the contract price then earned, less payments already made, represents the fund due to the contractor, and therefore applicable to the payment of claims against him. This proportion is, under section 1200, "estimated by the standard of the whole contract price." Thus the right of the owner to have his liability measured by the contract price is fully protected. If the contract had been completed, the entire price, less payments, would have been applicable to liens. If one-half, or one-third of the total work has been done, one-half or one-third of the total price, less payments, is set apart for lienors. This is entirely just and fair not only to the claimants (*Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, [97 Pac. 152]), but to the owner as well. The cost actually incurred thereafter by the owner in completing the building is a false quantity in this inquiry. It is not a part of the contract price earned by the contractor, and for that reason is not applicable to liens for goods or labor furnished to him. If that cost, added to the amount found due, under section 1200, turns out to exceed the original contract price, there

will, to be sure, be a loss to the owner. On the other hand, he may be a gainer by completing the building for an amount which, added to the value of the abandoned work, will be less than the total contract price. His loss or gain, as the case may be, will be due to his failure or success in doing the work left undone by the contractor as cheaply as the latter had agreed to do it. With this item of cost the lien claimants have nothing to do. It is incurred after the contract, upon which the relative rights of the lien claimants and the owner depend, has been abandoned.

The sufficiency of the evidence to sustain various findings is questioned by the owner. Thus, it is claimed that the finding that the building was completed on March 1, 1908, is contrary to the evidence. The actual date of completion, as the owner argues, was March 7th. The importance of this point lies in the fact that the two appealing plaintiffs filed their claims of lien on the 2d day of March, or before the completion of the building, if the appellant owner be correct in his view of the evidence. While there is much to support his contention in this regard, we think the record does contain enough testimony the other way to have justified the trial court in its finding that the building was substantially completed on March 1st, leaving undone at that date only "trivial imperfections." The testimony of the architect, while not very definite, was open to this construction, and the trial court so accepted it, as it had the right to do.

The attack on the finding of the amount applicable to liens, upon abandonment by the contractor, cannot be upheld. The court found the value of the work and materials already done and furnished, estimated "as near as may be by the standard of the whole contract price," to be $6,591.15. The whole contract price was $10,249. Two expert witnesses called by plaintiffs, testified that in their opinion the work done and materials furnished up to the abandonment amounted to sixty-seven or sixty-eight per cent of the total labor and materials required for the complete building. A witness for the owner fixed the proportion at sixty per cent. The value of the work and materials, as fixed by the court, was a trifle over sixty per cent of the total contract price. This was fully authorized by the testimony to which we have referred. The amount paid by the owner to the contractor ($3,754.26) was not in dispute, and the difference between $6,591.15 and $3,754.26,

or $2,836.89, was properly determined to be the amount which, under the terms of section 1200, was applicable to the payment of liens.

From the sum payable to lien claimants the owner sought to deduct three hundred dollars, claimed as damages for loss of rents occasioned through the failure of the contractor to finish the building within the time agreed. This item cannot be deducted from the fund available to lienors where the contractor has abandoned his contract. (*Marshall* v. *Vallejo Commercial Bank,* 163 Cal. 469, [126 Pac. 146].)

There are no other points of sufficient consequence to merit attention.

The judgment and the order appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.