[Civ. No. 2140. First Appellate District.—September 5, 1917.]

BELLINGHAM BAY LUMBER COMPANY (a Corporation), Respondent, v. E. W. HOPKINS, Appellant.

MECHANIC'S LIEN—ABANDONMENT OF CONTRACT—PORTION OF CONTRACT PRICE AVAILABLE FOR LIENS.—Where a building contract providing that seventy-five per cent of the value of the labor performed and materials furnished during each month was to be paid on the first day of the succeeding month until final acceptance of the building. and the remaining twenty-five per cent thirty-five days after such acceptance, was abandoned before completion, the proper amount for the court to take as a basis for the calculation of the portion of the contract price available to materialmen and applicable to the satisfaction of their liens, under section 1200 of the Code of Civil Procedure, as it then existed, was the total value of the work and materials placed on the land before abandonment, and not the amount of money which had been paid to the contractor to the date of abandonment.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

McGraw & Barry, for Appellant.

Wm. M. Cannon, J. E. Reardon, and Kingsley Cannon, for Respondent.

RICHARDS, J.—This is an appeal from an order granting a new trial. The action was one to foreclose a materialman's lien. The facts of the case were these: On or about January 22, 1909, the defendant, E. W. Hopkins, as the owner of a lot in San Francisco, entered into a written contract with Webster-Mace Construction Company as a contractor for the erection of a building thereon. The contract price was eighty-one thousand two hundred dollars, payable as follows: Seventy-five per cent of the value of the labor performed and materials installed during each month was to be paid on the first day of the succeeding month until final acceptance of the building, and the remaining twenty-five per cent of the contract price was to be paid thirty-five days after such acceptance. The contractor commenced to work upon the building under this contract, but on May 27, 1909, before completion thereof abandoned its contract. Prior to the time of said abandonment the plaintiff herein had furnished the contractor lumber to be used and which was actually used in the building amounting at agreed prices to the sum of $2,515.48, of which amount there was an unpaid balance of $1,590.38 at the time of such abandonment, for which the plaintiff duly filed its claim of lien. Up to the time of the abandonment of the contract the defendant had made progress payments to the contractor pursuant to its terms amounting to $30,643.95, which sum represented seventy-five per cent of the actual value of the labor performed and material installed up to the date of the abandonment of the contract. The amount of the material delivered and on the ground at the time work ceased and the contract was abandoned was of only nominal value. Subsequently the owner proceeded with the completion of the building in accordance with the original plans and specifications, and actually and reasonably expended thereon the sum of $53,565.50.

Upon the trial of the case the court made a finding based upon the foregoing facts and upon the construction which it then placed upon section 1200 of the Code of Civil Proce-

dure, to the effect that "at the time of said abandonment by said contractor the value of the work 'and material already done and furnished, including materials then actually delivered and on the ground, estimated as near as may be by the standard of the whole contract price, was less than the sum of $30,643.95"; and accordingly rendered judgment against the plaintiff upon the theory that there was no fund in the defendant's possession from which the plaintiff's claim of lien could be satisfied.

Upon motion for a new trial the court became convinced that the evidence was insufficient to sustain the foregoing finding, and accordingly granted the motion for a new trial upon that ground, and ordered a retrial as to that single issue. It is the correctness of this latter ruling which is challenged upon this appeal.

We are of the opinion that the trial court acted correctly in its order granting the motion for a new trial upon the ground stated.

During the trial of the cause the court apparently fell into a twofold error with respect to this particular matter. In the first place, the court in making its estimate as to the value of the actual work and materials on the premises at the time of the abandonment of the contract took as its basis for its valuation the amount of money which had been paid to the contractor on account of such work and materials up to said date; but the court apparently overlooked the fact that this amount represented but seventy-five per cent of the actual value of such work and materials, the other twenty-five per cent thereof being retained by the owner under the terms of the contract; and hence that the total value of the said work and materials would be $40,858.60, which would be the proper amount which the court should have taken as the basis for the calculation provided for in section 1200 of the Code of Civil Procedure, as it then stood, for the purpose of ascertaining the portion of the contract price available to materialmen and applicable to the satisfaction of their liens in cases of this character.

The second error into which the court fell was in the construction given by it of section 1200 of the Code of Civil Procedure in arriving at its conclusion that there was no amount in the owner's possession available for the payment of the plaintiff's claim.

Section 1200 of the Code of Civil Procedure, as it existed at the time the rights of the parties in the present case attached, read as follows: "In case the contractor shall fail to perform his contract in full, or shall abandon the same before completion, the portion of the contract price applicable to the liens of other persons than the contractor, shall be fixed as follows: From the value of the work and materials already done and furnished at the time of such failure or abandonment, including materials then actually delivered or on the ground, which shall thereupon belong to the owner, estimated as near as may be by the standard of the whole contract price, shall be deducted the payments then due and actually paid, according to the terms of the contract and the provisions of sections 1183 and 1184, and the remainder shall be deemed the portion of the contract price applicable to such liens." The supreme court in the recent case of *Ganahl Lumber Co.* v. *Weinsveig,* 168 Cal. 668, [143 Pac. 1025], has construed this section of the code in its application to cases involving the abandonment of contracts for the erection of buildings, and requiring the adoption of its method of calculation for the purpose of ascertaining the fund, if any, in the hands of the owner available for the settlement of materialmen's liens. Upon the trial of this cause the court adopted an interpretation other than that determined by the foregoing case as the basis for its aforesaid finding; and its order granting a new trial was predicated upon its change of view resulting from its acceptance of the rule of construction of said section of the code announced in the Ganahl case.

The appellant herein undertakes to argue that the supreme court was in error in its views expressed in that case as to the proper interpretation to be placed upon section 1200 of the Code of Civil Procedure, and that the rule therein announced should be departed from by this court in the instant case. But it is not for us to make that departure, and it would therefore be a waste of effort to follow counsel for the appellant through an exhaustive analysis of cases in this and other jurisdictions for the purpose of determining whether the construction adopted by the supreme court of the section of the code in question was the proper one. It is the construction which must be applied by the trial court and this court to the case at bar, and having thus adopted

and applied it, the trial court was not in error in granting a new trial.

We find no merit in any other of the points urged upon this appeal.

Order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1917.