RAFAEL CARRIÓN PACHECO, Plaintiff and Appellant, *v.* CHARLES E. LAWTON ET AL., Defendants and Appellees.

No. 5930. Argued February 24, 1932.—Decided April 8, 1932.

*J. Henri Brown, C. Ruiz Nazario,* and *G. González* for appellant.
*F. Soto Gras,* and *R. Díaz Collazo* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appellees in this case have moved for a reconsideration of the order of this Court of the 28th of last month denying a motion to dismiss the appeal and exhibited with their motion a supporting memorandum. They maintain that the Court failed to consider in its opinion some of the essential questions raised by them and insist that their contentions advanced in connection with such questions are correct.

The hearing of the motion was set for February 24th. Both parties appeared by counsel, who argued the case, and in addition the appellant filed a memorandum of authorities discussing all the points covered by his oral argument.

Regarding the deficiency pointed out by the appellees in respect of the former opinion of this Court, we will cite the case of *Martorell* v. *Crédito y Ahorro Ponceño, ante,* p. 86, in which it was held:

"The fact that the Supreme Court in an appeal rendered omits to make any mention of particular matters discussed in the brief

does not necessarily mean that that Court failed to consider them. The presumption is that they were considered.''

We have again carefully considered the record and perhaps the proper thing for us to do would be simply to deny the reconsideration sought. However, we will somewhat enlarge upon our opinion of January 28, 1932 (*ante,* page 50).

Any defects that might have existed in the oath to the service by mail of the notice of appeal were not only fully corrected by virtue of the affidavit of Cándido Morales but also by the appellant's answer to the motion for reconsideration which was verified by one of his attorneys, Clemente Ruiz Nazario; so that at the time of the hearing of that motion it could have been asserted that the service by mail of the notice of appeal was made in compliance with all the legal requirements.

There is no doubt that the best practice would have been, immediately upon discovering the defects, to file in the trial court proof of the strict compliance with the statute authorizing the service by mail and to present in this Court, upon leave being granted a certified copy of the notice served, as is convincingly expressed by the Supreme Court of California in *Moore* v. *Besse,* 35 Cal. 184, 187. However, the principle that the correction may be made subsists and as to whether it can be made before this Court when the question is raised before it, there is in this jurisdiction the precedents laid down in *A. Alvarez Bros.* v. *Alamo et al.,* 36 P.R.R. 49; and in *Tettamauzi et al.* v. *Zeno,* 24 P.R.R. 49. Leave of this Court was implicitly granted by considering and taking as a basis for its order the sworn answer and the documents exhibited therewith.

When this Court in its opinion of January 28, 1932, *supra,* quoted with approval what it had stated—not by any reason of compulsion but as deeming it of interest to the profession—in *American Colonial Bank of P. R.* v. *Ramos et al.,* 33 P.R.R. 851, 855, it thereby confirmed such statement and converted

it into a rule applicable to the instant case where the point has been raised. The rule does not imply the extension of a jurisdictional term. The notice of appeal must be filed as was done in the present occasion with the clerk of the trial court within the statutory period. There is involved a similar notice to be served on the adverse party. The rule derives from the statute itself and it is so equitable that it allows the other party the necessary time for compensating any delay with which the notice may be received by said party.

Moreover, the attendant circumstances of the instant case strongly militate in favor of the exercise by this Court of all the discretion with which it might be vested in refusing a dismissal. The parties really interested in the suit are before the Court. The controversy is clearly one between plaintiff-appellant Carrión and defendant-appellee Lawton, and no question whatever is raised regarding the service of the notice of appeal on Lawton. The appellant maintains that as Joy, Arturo L. Carrión, and Rodríguez Rivera are not adverse parties, he was not bound to serve them with notice and perhaps he is right in this. We say "perhaps" because a definite conclusion would require from us to go into the merits of the case and we do not consider that necessary for the present.

The motion for reconsideration must be denied.

Mr. Justice Wolf took no part in the decision of this case.