[Civ. No. 28096. Second Dist., Div. Four. June 12, 1964.]

BETHLEHEM STEEL COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JIMMIE LEE POTTS, Respondents.

McCartney, Ryan & Dally and Howard P. Powers for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

KINGSLEY, J.—Applicant, a 40-year-old repairman of diesel trucks and locomotives, sustained injury to his back and right leg on June 1, 1960, while employed by Bethlehem Steel Company. Bethlehem Steel Company, the petitioner here, accepted liability, furnished medical care, and paid temporary disability benefits. On September 27, 1961, the applicant underwent back surgery. Subsequently, treating doctors recommended further surgery. The applicant refused,

and Bethlehem Steel Company raised the issue of unreasonable refusal of medical care. On November 22, 1963, the referee issued findings and an award for permanent disability, making, among others, the following findings:

"2. The defendant has paid the sum of $6,008.09, which adequately compensates the applicant for all temporary disability.

"3. Said injury caused permanent disability which is rated at 76%, entitling the applicant to $52.50 per week for 304 weeks, in the total sum of $15,960.00, and thereafter a life pension at the rate of $19.38 per week, based upon maximum earnings.

"4. Payments for permanent disability shall begin on June 8, 1963."

The award called for permanent disability of $15,960, payable to applicant at $52.50 per week for 304 weeks beginning June 8, 1963, but made no provision for lifetime pension. On December 6, 1963, the referee issued an order amending the award "for clerical error" to provide a lifetime pension of $19.38 per week after payment of the total sum of $15,960.

On December 16, 1963, petitioner filed a petition for reconsideration, contending: (1) the uncontradicted evidence was that surgery would reduce disability, applicant's refusal was unreasonable, petitioner is entitled to apportionment of disability, and apportionment would reduce applicant's present disability below 70 per cent thereby making an award for lifetime pension improper; (2) it was unreasonable to award lifetime medical treatment where applicant refused recommended medical treatment; and (3) the uncontradicted evidence was that applicant's condition became permanent and stationary on or about August 20, 1962, and petitioner was therefore entitled to a credit for temporary disability paid after that date.

The petition for reconsideration was dismissed by order of January 8, 1964, on the ground that it was not filed within 20 days after the issuance of the findings and award of November 22, 1963. On January 21, 1964, petitioner filed a petition for reconsideration of that order, which was dismissed on January 27, 1964. Petitioner filed a petition for writ of review on February 7, 1964, seeking review and annulment of all of the orders, and a direction to the commission to grant the original petition for reconsideration, enter a finding that the applicant has unreasonably refused surgery, resulting in disability for which the petitioner is not liable, and make and enter award reducing petitioner's liability.

██ Petitioner asserts that its original petition for reconsideration was timely filed. Its first argument is as follows: The original award issued on Friday, November 22, 1963; it was received by petitioner on Monday, November 25, 1963; counting from November 25, the 20th day thereafter fell on Sunday, December 15; the petition was therefore timely when filed on the following day, Monday, December 16.

Section 5903 of the Labor Code provides: "At any time within 20 days *after the service* of any final order, decision, or award made and filed by a commissioner or a referee granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for reconsideration. . . ." (Italics added.)

In *Taylor* v. *Industrial Acc. Com.* (1963) 216 Cal.App.2d 466 [30 Cal.Rptr. 877], it was held that a petition for reconsideration filed by the alleged employer within 20 days after the date he asserted he received the commission's order was timely *in the absence of any evidence showing earlier service on him.* In that case counsel for the commission stated, in argument, that because of the large volume of business before the commission no affidavits of service were prepared. ██ In the present instance, the commission offers no proof of service and does not reply to this argument. The record shows only a notation on the original order, reading as follows:

"PARTIES SERVED 11/22/63 AY."

Section 5316 of the Labor Code provides any notice, order or decision may be served as provided by chapter V, title XIV, part II, of the Code of Civil Procedure. So far as here pertinent, the sections thus referred to are sections 1013 and 1013a of the Code of Civil Procedure.[1] It is obvious that the

---

[1]Section 1013 of the Code of Civil Procedure provides:
"In case of service by mail, the notice or other paper must be deposited in the United States post office, or a mail box, sub-post office, substation, or mail chute, or other like facility regularly maintained by the Government of the United States, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance

brief notation above quoted fails totally to comply with the requirements of these sections. We do not know who "ay" is, nor whether "ay" or some other person, of unknown age, citizenship and residence, made the "service." Nor do we know that such "service" complied in any way with the detailed statutory requirements for service.

As was said in *Taylor* v. *Industrial Acc. Com., supra,* (1963) 216 Cal.App.2d 466, we sympathize with the practical problems facing the commission, but this cannot excuse noncompliance with an express statutory requirement. If the statute is unduly burdensome on the commission its remedy is with the Legislature and not by ignoring the statute.

 It follows that the commission's order has not been shown, on this record, to have been served prior to November 25, 1963, and that the petition for reconsideration was timely.

Under these circumstances, it is unnecessary for us to consider petitioner's alternative argument that the order entered

---

between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed thirty days in all.''

Section 1013a of the Code of Civil Procedure provides:

''Proof of service by mail may be made by one of the following methods:

''(1) An affidavit affixed to the original, or to a true copy, of the document served and filed in the cause, showing the name and residence or business address of the person making the service, showing that he is a citizen of the United States and resident or employed in the county where the mailing occurs, that he is over the age of 18 years and not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid.

''(2) A certificate affixed to the original, or to a true copy, of the document served and filed in the cause, showing the name and business address of the person making the service, showing that he is an active member of the State Bar of California and is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid.

''(3) In case of service by the clerk of a court of record, a certificate by said clerk affixed to the original, or to a true copy of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he is the clerk, and that he is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid.''

on December 6, 1963, was such an amendment of the original order as, under section 5805 of the Labor Code, initiated a new 20-day period for filing a petition for reconsideration.

Since the matter must be remanded to the commission, we express no opinion on the merits of petitioner's contentions as made in its petition for reconsideration.

The orders and award are annulled; the matter is remanded to the commission for the purpose of considering, on its merits, the petition for reconsideration filed on December 16, 1963.

Burke, P. J., and Jefferson, J., concurred.