[Civ. No. 52551. Second Dist., Div. One. Nov. 1, 1978.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD
and NANCY PHILLIPS, Respondents.

COUNSEL

Sandra Brownfield for Petitioner.

David Baziak and Michael W. Nezin for Respondents.

OPINION

**THOMPSON, J.**—In this writ of review, we face the issue of the effect of the service of findings and award of the Workers' Compensation Appeals Board (WCAB) upon the commencement of the time for filing of a petition for reconsideration where the findings and award are not served upon the compensation carrier's attorney of record at his address specified in the answer but rather upon the carrier at a different address. We conclude that such defective service results in the time for the petition for reconsideration beginning to run no earlier than the date that the findings and award are received by the attorney of record. Accordingly, we reverse a determination of the WCAB that petitioner Hartford Accident & Indemnity Company's petition for reconsideration was untimely and remand the matter to the WCAB for consideration on the merits.

Nancy Phillips filed a claim for workers' compensation benefits. She named California Computer Products as her employer and Hartford as the employer's carrier. On behalf of itself and the employer, Hartford filed an answer to the claim. The answer lists Hartford's address as "3435

WILSHIRE BLVD STE 320 L.A., CA 90010." It designates as attorney of record for Hartford "BERNARDO A. HERNANDEZ, ESQ" at "3435 WILSHIRE BLVD L.A., CA 90010."

On August 18, 1977, the WCAB issued findings and award on the Phillips' claim. The board served them by mail, not upon Hartford at its Wilshire office nor upon the carrier's attorney of record at the address given by him, but rather upon Hartford at its "Key Office 935" located in Norwalk, California. The findings and award were not received in the Wilshire Boulevard office of Hartford until August 29, 1977. Hartford's attorney of record filed a petition for reconsideration on September 16, 1977. The WCAB denied the petition for reconsideration as untimely.

Labor Code section 5903 states, in pertinent part: "At any time within 20 days after the service of any final order, decision, or award made and filed by the appeals board or a referee granting or denying compensation . . . any person aggrieved thereby may petition for reconsideration . . . ." As the parties concede, the petition for reconsideration filed in the case at bench was not within the 20-day period if that period began to run when the findings and award were served at an address other than that given for the attorney of record in the answer but was timely if the period commences with the receipt of the findings and award in the Wilshire office.

■ A failure to serve documents in a WCAB proceeding in the manner required by statute or the board's regulations is not a "mere irregularity" but rather an omission of substance which denies a fundamental right. (*Lyydikainen* v. *Industrial Acc. Com.* (1939) 36 Cal.App.2d 298, 303-305 [97 P.2d 993].) Here the findings and award were not served in the manner provided in the board's regulations. Section 10500 of WCAB Rules of Practice and Procedure states: "The Appeals Board shall serve a copy of the application, the notice of time and place of hearing and all findings, orders, decisions and awards upon the parties *and their attorneys or agents of record by mail at their addresses of record,* or by personal service. . . ." (Cal. Admin. Code, tit. 8, § 10500; italics added.) The WCAB did not serve the findings and award personally. It did not serve either Hartford or its attorney of record at their respective "addresses of record."

In light of the defective service, Hartford's time to petition for reconsideration began to run no earlier than the time that the findings

and award were received by Hartford's attorney of record. (*Bethlehem Steel Co.* v. *Ind. Acc. Com.* (1964) 227 Cal.App.2d 781, 783-784 [39 Cal.Rptr. 41].)

The order of the Workers' Compensation Appeals Board dismissing Hartford's petition for reconsideration as untimely is annulled. The matter is remanded to the board for determination of the petition for reconsideration on the merits.

Lillie, Acting P. J., and Hanson, J., concurred.