[Civ. No. 5305. Third Appellate District.—December 17, 1935.]

DONNA T. CARLON, Respondent, v. JOHN R. GRAY, Appellant.

W. H. Hatfield for Appellant.

Rowan Hardin for Respondent.

PLUMMER, J.—In this action the plaintiff had judgment restraining the defendant as constable of the third township in and for the county of Tuolumne, from selling a Cadillac tow car and a Chevrolet truck under an execution issued by the Justice's Court of Sacramento Township, Sacramento County.

On the 31st day of August, 1933, Sacramento board of trade, a corporation commenced an action in the Justice's Court of Sacramento Township, against the plaintiff in this action. The sum claimed or the amount of the demand in that action was less than the sum of $300, and was within the jurisdiction of justices' courts of class "B" jurisdiction, under the provisions of section 112 of the Code of Civil Procedure, as amended by the Statutes of 1933.

The complaint in the action begun in the justice's court was unverified; nor was any affidavit filed as provided by section

396a of the Code of Civil Procedure, added in 1933, Statutes 1933, page 1841. Upon the filing of the unverified complaint, summons was issued thereon, and this summons, together with the unverified complaint, was served upon the defendant in that action (the plaintiff in this action), in the county of Tuolumne.

The pleadings, as thus filed in the Justice's Court of Sacramento Township, and served upon the plaintiff, did not show, nor could it be determined therefrom what court was the proper court for the trial of the action so commenced by the defendant on the 31st day of August, 1933.

On or about the 23d day of September, 1933, the plaintiff in the action begun in the Justice's Court of Sacramento Township filed an amended complaint, and in its answer in this action alleged it served a copy thereof upon the plaintiff herein (the defendant in the justice's court action), and that the service was made by mail, and proof of mailing was made by an affidavit, to which reference will hereafter be made.

On October 3, 1933, the plaintiff in this action (the defendant in the justice's court action) filed an affidavit setting forth the fact of service made upon her of the summons and unverified complaint, and also setting forth the defects therein, and pursuant to section 396a of the Code of Civil Procedure as added in 1933, moved the court to dismiss the action. This motion was denied. Thereafter a default judgment in the action begun by the Sacramento board of trade against the plaintiff was entered, and execution issued thereon, and placed in the hands of the defendant in this action, who thereupon levied on the property hereinbefore mentioned. In the action to restrain the sale of the property so levied upon, plaintiff had judgment, as stated, and the defendant appeals.

Section 396a, *supra,* as it read at the time of this action, so far as material here, is as follows: "In all actions and proceedings within the subject matter jurisdiction of justices' courts of class "B", whether commenced in a justice's or municipal court, plaintiff must state facts in the complaint, verified by his oath, or in an affidavit of the plaintiff, from which it can be determined which court is under the provisions of this title the proper court for the trial of such action or proceeding. When such affidavit is filed, a copy thereof must be served with the summons. Unless such complaint or affidavit be filed, no further proceeding shall be had in the action

or proceeding, except to dismiss the same, unless the defendant consents, in the manner hereafter provided, to the keeping of the action or proceeding in the court where commenced.''

The jurisdiction of the Superior Court of Tuolumne County to entertain this action and enter judgment is undisputed, and therefore citations are unnecessary.

In the presentation of this cause counsel in their briefs have devoted much attention as to whether, under the provisions of section 396a, *supra,* a defective complaint might be cured by the filing of an amended complaint under the general authority to amend pleadings granted by section 472 of the Code of Civil Procedure.

It appears that the legislature in 1935 amended section 396a by inserting a provision specifically providing that the judge or justice of a municipal or justice's court might grant permission to file an amended complaint. On the part of the appellant it is urged that the general power existed under the provisions of section 472, *supra,* for filing an amended complaint, and on the part of the respondent herein it is strongly insisted that by amending section 396a, *supra,* specifically authorizing and empowering a judge or justice of the peace to permit the filing of an amended complaint, the legislature had given a construction of section 396a, *supra,* to the effect that prior to the amendment no such authority or power was vested in the judge or justice of the peace. By reason of what we have to say hereafter, it becomes unnecessary to decide this question. The authority to file an amended complaint is now specifically given, and whether it existed prior to the amendment of 1935, is wholly immaterial to the decision in this cause, and any decision on that question would simply be of no profit to the legal profession.

Both as section 396a, *supra,* read prior to 1935, and as it now reads, the setting forth the facts necessary to show jurisdiction in the court where the action is begun is an indispensable prerequisite. The only change in the code provision is that such facts may be supplied by an amended complaint, whereas, prior to the amendment, according to the literal wording of the section, it was required that the facts be set forth in the original complaint or in an affidavit. In either case, if such facts are not set forth, the defendant in such action is specifically granted the right to have the action dis-

missed. This right may be waived according to the provisions of the section, and not otherwise.

■ Assuming without deciding that the provisions of section 472, *supra,* were applicable at the time of the beginning of the action in the justice's court by the Sacramento board of trade, the plaintiff had a right to file an amended complaint, it nevertheless appears from the record in this case, which contains a copy of the amended complaint filed by the Sacramento board of trade in the action begun in the Justice's Court of Sacramento Township, that compliance with the provisions of section 396a, *supra,* was not had.

Paragraph VI of the amended complaint just referred to reads as follows: ''That under the terms and conditions upon which said advertising services were, by said Foster and Kleiser Company, furnished to said defendant, the obligation herein mentioned was incurred in, and was to be performed in the above named county.'' No reference is made to the court, or to any court, as the proper court in which the action should be prosecuted. Not a single word is set forth from which it can be concluded that any particular one of the different justices' courts in the county of Sacramento was the proper court in which to institute and prosecute the action. The paragraph as it appears in the complaint does not state a single word showing what the transaction was, what the negotiations were, or what the acts performed or to be performed by Foster and Kleiser consisted of. The only idea conveyed by the paragraph is the conclusion of the pleader that a certain obligation was incurred, and was to be performed in the county of Sacramento. The opinion of the pleader cannot be substituted for the facts existing in the case, which would, or would not give the Justice's Court of Sacramento Township jurisdiction, and the setting forth of an opinion is not a compliance with the section of the code requiring that the ''plaintiff must state facts''.

It unavoidably follows that irrespective of whether the Sacramento board of trade had a right to file an amended complaint at the time it did so, it utterly failed to set forth the necessary jurisdictional facts from which the justice's court could determine its authority to proceed in the action.

■ This amended complaint, defective as we have just stated, was attempted to be served upon the defendant in that action (the plaintiff in this action), by enclosing the same in

an envelope with the postage prepaid thereon, and addressed to "Donna T. Carlon, c/o The Carl Inn, Groveland, California." Here, again, counsel there presented the question that Donna T. Carlon never received a copy of the amended complaint. The appellant, countering such contention, cites authorities to the effect that when a copy of a pleading is enclosed in an envelope, properly addressed, the service is complete, and whether the person whose address appears on the envelope does or does not receive the enclosed paper, is wholly immaterial, supporting this contention by citing the cases of *McKeon* v. *Sambrano,* 200 Cal. 739 [255 Pac. 178]; *Steele* v. *Board of Trustees,* 121 Cal. App. 419, 420 [9 Pac. (2d) 217]; *Traders Credit Corp.* v. *Superior Court,* 111 Cal. App. 666 [296 Pac. 99]. These authorities clearly support the appellant's contention, but such fact alone does not justify the entering of a default judgment against a defendant or the person to whom the pleading is so addressed and sent by mail.

In making service by mail and presenting to the court in which the action is pending, proof of such service in order to show jurisdiction to proceed thereafter in the case, strict compliance must be had with sections 1012, 1013 and 1013a of the Code of Civil Procedure. Those sections provide that service by mail can only be made where the person making the service and the person on whom the service is made, reside in different places. The service to be made upon the party must either be made by sending the pleading to the office address of the person to be served, or to his place of residence. These facts must appear in the affidavit. An affidavit, if it does not show the name and address of the party serving, and the name and address of the party to be served, and the fact of residence in different places, is insufficient to give the court jurisdiction to enter a default judgment.

The affidavit in this case made of service of the amended complaint (omitting the title of the cause and the jurat), is as follows:

"State of California, County of Sacramento, ss.

"M. M. Bardsley, being first duly sworn, deposes and says: That on the 23rd day of September, 1933, she was a citizen of the State of California, over the age of eighteen years; and employed as a clerk in the office of V. L. Hatfield an attorney-at-law who has his office at #405-6-7 Ochsner Bldg., Sacra-

mento, California; that on said date affiant, at the request of said V. L. Hatfield, enclosed a true copy of the following paper filed in the above entitled court and in the above entitled matter.

"FIRST AMENDED COMPLAINT

in an envelope, and which was addressed as follows:

"DONNA T. CARLON

"c/o The Carl Inn

"Groveland, California.

"That said envelope was sealed and carried thereon full United States postage, and affiant deposited the same in the United States Post Office at said City of Sacramento, on said date; that at said date there was a daily United States mail service between the City of Sacramento and the Town of Groveland, California.

"That affiant is in no wise interested in the result of said proceeding; that V. L. Hatfield is the attorney for plaintiff herein.

"M. M. BARDSLEY."

The place of employment of M. M. Bardsley is given; her residence is not mentioned; whether she resides in Sacramento County or Tuolumne County does not appear. The residence of Donna T. Carlon does not appear. The only fact stated is that the envelope in which the amended complaint was enclosed was addressed to Donna T. Carlon, c/o The Carl Inn, Groveland, California, without any statement whatever in the affidavit of such being the place of residence of Donna T. Carlon, or that it was her place of business or post office address. These facts are absolutely necessary to appear in the affidavit; otherwise, the proof of service is not made, and no jurisdiction is given to the court to proceed further in the action.

In the case of *Cunningham* v. *Warnekey*, 61 Cal. 507, an affidavit somewhat similar in form to that here presented was held insufficient. The court said: "The affidavit does not show where the affiant, or where the defendant resided. The person making the service, and the person served must reside or have their offices in different places to justify the service by mail." To the same effect is the case of *Reed* v. *Allison*, 61 Cal. 461 (overruled by *Luck* v. *Luck*, 83 Cal. 574 [23 Pac. 1035]).

In *Hogs Back Consol. Min. Co.* v. *New Basil Consol. Min. Co.*, 63 Cal. 121, the affidavit failed to state the residence of the respective parties, the court holding the affidavit insufficient, and further added: "The affidavit of service was insufficient, and therefore, default in the case was improperly entered." The judgment by default was reversed.

In *Townsend* v. *Parker*, 21 Cal. App. 317 [131 Pac. 766], an affidavit made by one O. L. Mars set forth that he was a resident of the state of California, over the age of 21 years; that he enclosed a certain notice of entry of judgment, and served the same by enclosing a correct copy in an envelope, postage prepaid thereon, addressed to Edward Eccleston, 401–7 Hearst Building, San Francisco, California, which was the last known residence of Edward Eccleston. The affidavit sets forth further that the envelope so addressed enclosing the notice was deposited in the post office at Stockton, California, and that there was a regular daily communication by mail between Stockton, California, and San Francisco, California. There was not a word in the affidavit as to the residence of the affiant. This affidavit was held insufficient by the trial court, affirmed by the Appellate Court of the First District, and hearing denied in the Supreme Court. This case is referred to and relied upon in the case of *Harris* v. *Minnesota Inv. Co.*, 89 Cal. App. 396 [265 Pac. 306], where a number of other cases holding such affidavits defective are also cited.

The defect in the affidavit failing to comply with the sections of the code relative to service of papers by mail appearing on the face of the record, advantage thereof could be taken at any time. The rule is thus clearly stated in 15 California Jurisprudence, page 49: "A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers."

In the case of *Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742], the question of when a judgment may be collaterally attacked, and when it may be attacked directly is set forth at great length. Where the court is presumed to have jurisdiction, if nothing appears to the contrary, it will be presumed, but if the record shows want of jurisdiction, that want may be taken advantage of whenever anyone seeks to rely upon such judgment. Thus, a judgment is void on its face when that fact is made apparent by an inspection of the judgment roll or the papers constituting the judgment roll. (*People* v. *Harrison,*

84 Cal. 607, 609 [24 Pac. 311]; *Jacks* v. *Baldez*, 97 Cal. 91 [31 Pac. 899].)

That the jurisdiction of justices' courts is special and limited we need only cite the case of *Antilla* v. *Justice's Court*, 209 Cal. 621 [290 Pac. 43], where the following quotation, supported by numerous cases, is set forth: "The jurisdiction of Justices' Courts being special and limited, the law presumes nothing in favor of their jurisdiction, and a party who asserts a right under a judgment rendered in such court must show affirmatively every fact necessary to confer such jurisdiction."

As stated in the 1934 Supplement to California Jurisprudence under the title of "Inferior Courts", page 135, section 85, this seems to have been recognized by the legislature in the adoption of section 396a, *supra*.

In view of what we have said, which is decisive of this case, we need not consider the contention of the respondent that the defendant not having appeared in the action instituted in the Justice's Court of Sacramento Township service of an amended complaint could not be made by mail, but that an *alias* summons should have been issued, and summons and amended complaint thereafter served personally.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.