[Civ. No. 11537.   Second Appellate District, Division Two.—October 13, 1937.]

ARTHUR MARSDEN, Jr., a Minor, etc., Appellant, v. GEORGE ROBB COLLINS et al., Respondents.

H. S. Shapiro for Appellant.

Fogel, Beman & Jones for Respondents.

CRAIL, P. J.—This is an appeal by the plaintiff from an order of the superior court denying his motion to set aside an order entering default on a cross-complaint. The plaintiff commenced an action against the defendants to recover damages for personal injuries arising out of an automobile accident. The defendants filed an answer and a cross-complaint. The offices of the attorneys both for the plaintiff and defendant were located in Los Angeles, at a place where there is a delivery service by mail. And the affidavit of service by mail so stated after the service of the cross-complaint was made on the plaintiff by sending a copy thereof through the mail. In due time a default for failure to answer the cross-complaint was entered. One year later, lacking two days, notice of motion to set aside default was filed. This motion was denied and the plaintiff appeals from this order.

It is the plaintiff's contention that the court had no jurisdiction to enter the default, and he relies upon the case of *Carlon* v. *Gray,* 10 Cal. App. (2d) 658, 663 [52 Pac. (2d) 966, 969], wherein it is said: "In making service by mail and presenting to the court in which the action is pending, proof of such service in order to show jurisdiction to proceed thereafter in the case, strict compliance must be had with sections 1012, 1013 and 1013a of the Code of Civil Procedure. . . . An affidavit, if it does not show the name and address of the party serving, and the name and address of the party to be served, *and the fact of residence in different places,* is insufficient to give the court jurisdiction to enter a default judgment." (Italics ours.)

Prior to 1931 service of a cross-complaint by an attorney could not legally be made by mailing a copy of the cross-complaint to the opposing attorney where both attorneys resided or had their offices in the same city. However, on June 12, 1931, section 1012 of the Code of Civil Procedure was amended by adding the portion italicized in the following quotation from said section:

"1012. Service by Mail, When. Service by mail may be made *where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail,*

*or* where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail. (Amendment approved June 12, 1931; Stats. 1931, p. 1534.)''

If the contention of the plaintiff be correct then it must be held that the amendment is without effect. If meaning is to be attributed to the amendment, then the service of the cross-complaint as made in this case was sufficient.

Turning to the Carlon case we find that it does not furnish authority in support of the plaintiff's position because the service which was declared insufficient in that case was not made by a person having his office or residence in the same place in which the person to be served had his office or place of residence. It was the affidavit itself, because it failed to state the residence or postoffice address of the party served, which was found insufficient. The appellate court in making its decision in that case did not have occasion to discuss the amendment which is all-important in the instant case. and since that point was not involved the language of the court in the Carlon case constitutes *dictum* only on the question now before this court. There is nothing in that case to indicate that the court took into consideration the effect of the amendment, and there was no reason for the court to do so because the question was not involved. All of the other cases relied upon by the plaintiff were decided prior to the 1931 amendment and hence constitute no authority.

In our view the court had jurisdiction to enter the default. Order affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 9, 1937.