[L. A. No. 24010.   In Bank.   June 28, 1956.]

CLARA CRANEY, Appellant, v. ELIZABETH B. LOW
et al., Respondents.

E. C. Mahoney for Appellant.

Pacht, Ross, Warne & Bernhard, Isaac Pacht, Leo Altshuler and Jerry Pacht for Respondents.

GIBSON, C. J.—Plaintiff is seeking to impose a trust on the estate of her deceased son which was distributed to defendant Gander as the son's widow.* The other defendants are Mrs. Gander's attorney in the probate matter and his secretary, who acted as administratrix of the estate. General demurrers to plaintiff's third amended complaint were sustained, and she has appealed from the ensuing judgment.

The complaint contains two counts, which will be discussed separately. The first count may be summarized as follows: Decedent owned certain property, including a lease on a hotel with a renewal option. Plaintiff, an elderly woman of limited means, lived about 500 miles from the place where probate proceedings were had. Decedent had contributed to her support at regular intervals, and for about a year after his death she received small amounts of money from Mrs. Gander. In correspondence with plaintiff and decedent's brother and sister after his death, Mrs. Gander made various statements such as that plaintiff should not worry about her son's affairs and that Mrs. Gander would carry out the son's

---

*She is made a defendant under the name "Low," which was her name prior to her marriage to decedent. She remarried after his death, and her name is now "Gander."

wishes and would keep plaintiff "posted" as to everything that went on concerning his estate. A short time prior to the date plaintiff received notice of the probate proceedings, Mrs. Gander requested decedent's sister to inform plaintiff that she would do everything possible to protect plaintiff's interest in the estate, that plaintiff need not retain an attorney and could put as much trust and confidence in her as in decedent, and that, after the six months' waiting period required by law, plaintiff could expect a handsome share of decedent's assets. Plaintiff relied on these representations, and the deception practiced on her by Mrs. Gander prevented her from appearing in the probate proceedings. The administratrix made no effort to renew the lease on behalf of the estate. Instead Mrs. Gander, aided by her attorney, made use of the option for her personal advantage. Defendants caused all the estate to be distributed to Mrs. Gander, and by virtue of their acts plaintiff was deprived of her right to inherit one half of decedent's separate property.

A party may attack a judgment when the extrinsic fraud of the other party has deprived him of an opportunity to present his case or obtain a fair adversary hearing. (*Gale* v. *Witt,* 31 Cal.2d 362, 365 [188 P.2d 755]; *Larrabee* v. *Tracy,* 21 Cal.2d 645, 649 [134 P.2d 265]; *Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105]; *Olivera* v. *Grace,* 19 Cal.2d 570, 576 et seq. [122 P.2d 564, 140 A.L.R. 1328]; *Caldwell* v. *Taylor,* 218 Cal. 471, 479 [23 P.2d 758, 88 A.L.R. 1194]; see *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18-19 [193 P.2d 728].)

There is no allegation that either Mrs. Gander's attorney or his secretary participated in any of the alleged misrepresentations or had any knowledge of them, and their demurrers to the first count were properly sustained.

It is clear that the first count states a cause of action against Mrs. Gander. Sufficient facts are alleged to show that plaintiff relied upon the representations made by Mrs. Gander and that the deception practiced on her prevented her appearance in the probate proceedings. It is contended, however, that the complaint is defective because the allegations are assertedly contrary to averments in prior pleadings and no explanation was made for the changes. (See *Wennerholm* v. *Stanford University Sch. of Med.,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Owens* v. *Traverso,* 125 Cal.App.2d 803, 808 [271 P.2d 164]; *Rhode* v. *Bartholomew,* 94 Cal.App.2d 272, 278 [210 P.2d 768].) In the original complaint it was alleged that "plaintiff heard nothing from

the defendants'' after receiving notice of the probate, whereas in the present complaint it is alleged that certain representations were made after such notice was given. These representations, however, were contained in letters from Mrs. Gander to decedent's brother and sister, and the claimed inconsistency may be explained by the fact that the communications were not made directly to plaintiff. Moreover, the major representations relied on by plaintiff were made prior to the receipt of the notice of probate, and as to those there was no inconsistency in the pleadings.

The second count of the complaint alleges that, in 1948, prior to her marriage to decedent, Mrs. Gander secured a divorce in Nevada from John C. Low who was then domiciled in this state, that Mrs. Gander had also been domiciled in this state within six weeks before the decree and that immediately thereafter she resumed her residence in this state. It is contended that by reason of the foregoing facts the divorce decree had no force or effect in this state, that the marriage between decedent and Mrs. Gander was void and that it was not possible for them to acquire community property.

The facts alleged are not sufficient to entitle plaintiff to make a collateral attack on the Nevada decree. A judgment of a court of general jurisdiction is presumed to be valid, and the burden is on one attacking the decree to show lack of jurisdiction. (*Cook* v. *Cook,* 342 U. S. 126, 127 [72 S.Ct. 157, 159, 96 L.Ed. 146]; see 3 Witkin, California Procedure, 2046.) It is to be presumed in support of the divorce decree that Mrs. Gander's former husband was personally served in Nevada or that he appeared in the divorce action and contested or admitted the fact of domicile, and in the absence of contrary allegations the second count of the complaint is clearly defective. (See *Cook* v. *Cook,* 342 U. S. 126, 127 [72 S.Ct. 157, 159, 96 L.Ed. 146]; *Johnson* v. *Muelberger,* 340 U. S. 581, 587 [71 S.Ct. 474, 476-477, 95 L.Ed. 552]; *Sherrer* v. *Sherrer,* 334 U. S. 343, 351-352 [68 S.Ct. 1087, 1097, 92 L.Ed. 1429, 1 A.L.R.2d 1355].)

The judgment is reversed as to defendant Gander and affirmed as to the other defendants.

Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.