[Civ. No. 17331. First Dist., Div. One. Aug. 19, 1957.]

FRANK D. DAVI, Respondent, v. JOHN BELFIORE, Appellant.

Paul Friedman for Appellant.

Leonard & Dole for Respondent.

PETERS, P. J.—On October 22, 1954, at the request of John Belfiore, the municipal court entered a default judgment against Frank D. Davi. On July 15, 1955, in the superior court, Davi brought an action against Belfiore to set aside the default judgment. The superior court set the default aside. Belfiore appeals.

The complaint to set aside the default judgment was founded on two theories: that the default was void for the reason that the municipal court was without jurisdiction to render it, and that the default was procured by the extrinsic fraud of Belfiore practiced upon Davi. The superior court, in addition to finding that Davi had a meritorious defense to the municipal court action, found that Davi had established both theories.

The municipal court action was filed in November, 1952, by Belfiore. It named "Alfonso La Rocco, John Doe and Richard

Roe'' as defendants. La Rocco answered. In November of 1953 the complaint was personally served on Davi, as a Doe defendant. Davi failed to answer, and his default was entered. In January of 1954, after the entry of the default, Belfiore filed an amended complaint in the municipal court action. The caption of this amended complaint was identical with the caption of the original complaint, but in the body of the amended complaint Davi, for the first time, is named as a defendant. The amended complaint effected a substantial change in the cause of action alleged in the original complaint.* A copy of the amended complaint was served on Davi by mail, but the ''affidavit'' of service was defective in that it was not sworn to. La Rocco answered the amended complaint, but Davi failed to respond. No default was entered, however, on the amended complaint. In October of 1954 the municipal court entered its default judgment against Davi for $1074, with accrued interest and costs. In December of 1954 Belfiore dismissed the action, with prejudice, against La Rocco. In May of 1955 the municipal court issued a writ of execution on the default judgment, and on June 10, 1955, Davi was served with an order for examination. This was the date that Davi first learned that a judgment had been taken against him. On July 15, 1955, this action to set aside the default was commenced.

As already pointed out, the trial court set the default aside on two theories: one that the municipal court judgment was void, and two, that such judgment was secured by the extrinsic fraud of Belfiore. We do not find it necessary to discuss the first ground of the decision, which involves several complex questions of law, because we are of the opinion that the finding that the municipal court judgment was secured by the extrinsic fraud of Belfiore is amply supported by the evidence.

▮ Davi testified that when served with the original complaint, which did not name him as a defendant, he called upon Belfiore at his home and asked him why he had been served. Belfiore told him that ''it was for the fact that I was to be used as a witness'' that he had done the work for which the action was brought, ''and he also told me [Davi] that as far as he was concerned, that he did not want no money out of me, but merely out of La Rocco.'' Consequently, Davi made

---

*The amended complaint more than doubled the amount of the prayer over that alleged in the original complaint; Davi for the first time was named as a defendant; and a new cause of action based on services rendered different from those previously alleged, was added.

no attempt to defend the action. Then, when he received through the mail the copy of the amended complaint, Davi again called upon Belfiore and again asked him why he was being served with papers in the case. Again Belfiore told him "that he did not have any interest as far as obtaining any money from me, or being compensated by me, but solely from La Rocco." Davi testified that he heard nothing further about the matter until he was served with the order of examination. Again he got in touch with Belfiore, and was assured "that all he wanted me for was as a witness, and he did not want the money from me." Davi suggested that the two men call upon Belfiore's attorney to get "the thing straightened out once and for all." Belfiore agreed and made an appointment to meet at the lawyer's office. Belfiore did not show up. Thereupon Davi secured the services of an attorney who advised the bringing of the instant action.

This evidence supports the findings of the trial court that the default judgment was secured by extrinsic fraud practiced against Davi by Belfiore; that Davi exercised diligence after learning of the true facts; and that his failure to answer was due to excusable neglect. The essential characteristic of extrinsic fraud is that it has the effect of preventing a fair adversary hearing, the aggrieved party being improperly induced not to present his defense. One of the commonest forms of extrinsic fraud is where the aggrieved party in reliance on representations made by the adverse party that his interests will not be adversely affected, is induced not to appear. (See cases collected 3 Witkin on California Procedure, pp. 2124, 2125.)

That is this case. Davi was told by Belfiore that his presence in court was desired only as a witness, and that Belfiore had no intent to secure a judgment against Davi. Such representations were calculated to induce, and did induce, Davi not to contest the matter. That such constitutes extrinsic as distinguished from intrinsic fraud is illustrated by what was said in *Caldwell* v. *Taylor*, 218 Cal. 471, 479 [23 P.2d 758, 88 A.L.R. 1194] : "The main requirement to establish extrinsic fraud is that the unsuccessful party was prevented by his adversary from presenting *all* of his case to the court. One of the examples given is that of a party who is prevented from appearing in court."

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.