[Civ. No. 33024. First Dist., Div. Two. Nov. 27, 1974.]

ATTILIO GRANZELLA et al., Plaintiffs and Appellants, v.
EDNA JARGOYHEN, Defendant and Respondent.

**COUNSEL**

John D. Hedger for Plaintiffs and Appellants.

Edna Jargoyhen, in pro. per., for Defendant and Respondent.

**OPINION**

**BRAY, J.**\*—Plaintiffs appeal from judgment of dismissal of the Marin County Superior Court after order sustaining demurrer without leave to amend.[1]

QUESTION PRESENTED:

Does the first amended complaint allege extrinsic fraud?

RECORD:

Plaintiffs filed "Complaint to Establish Constructive Trust, for Order of Conveyance and for Conveyance by Judicial Officer in Failure to Convey and for Writ of Possession." Defendant demurred to the complaint. The court sustained the demurrer. Thereupon, plaintiffs filed first amended

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]On this appeal defendant was first represented by counsel. She then substituted herself in propria persona in counsel's place. On April 5, 1973, defendant purported to substitute Robert E. Jargoyhen in her place and stead. On September 7 and 18, 1973, briefs presented on defendant's behalf were returned by the clerk of this court for the reason that neither brief complied with rules 15, 16 and 44(b) of the California Rules of Court. On September 28, 1973, defendant was notified of default for failure to file brief; nothing has transpired since.

complaint (hereinafter "complaint") seeking judgment that plaintiffs are the equitable owners of the described real property and that defendant holds title thereto as constructive trustee for plaintiffs, ordering defendant, or a court-appointed commissioner to convey said real property to plaintiffs, and for other relief. Defendant again demurred. The court, on the theory that the complaint alleged intrinsic and not extrinsic fraud, sustained the demurrer without leave to amend. Judgment of dismissal followed.

THE COMPLAINT:

It alleges that plaintiffs are nephews and nieces of Abondi Granzella, deceased; that plaintiffs and defendant are the heirs-at-law of said deceased; and that plaintiffs would have been entitled to share equally with defendant and the son of a deceased niece in the deceased's estate. The complaint states that an alleged will of said deceased was admitted to probate on September 16, 1968, in the Marin County Superior Court. The complaint further alleges that said will is not the will of said deceased, nor does it contain the signature of the deceased, but that defendant caused the signature to the will to be forged; that pursuant to decree of final distribution of said court on March 23, 1970, and said will, real property known as 225 Picnic Avenue, San Rafael, and more particularly described, was conveyed to defendant and she now holds title thereto.

It was further alleged that, "Both before, during and for more than one year after the probate proceedings involving the aforesaid Will, defendant, with intent to deceive Plaintiffs and induce them to refrain from contesting said Will, actively represented to Plaintiffs that of her own personal knowledge, said Will was in truth and in fact the last Will and Testament of ABONDI GRANZELLA. In reliance on said representations and the blood and trust relationship between Plaintiffs and defendant and believing said representations to be true, Plaintiffs did not contest the probate of said Will nor did they discover facts on which such a contest could be based until after the period during which a Will contest could be brought had expired." The complaint stated that at all times mentioned plaintiffs and defendant were tenants in common in the said property and "thus occupied a relationship of trust and confidence toward and among each other."

Finally, the complaint alleged that plaintiffs, on or about November 5, 1971, discovered that the deceased had not executed said will when they were informed by a handwriting expert that the signature was a forgery.

Extrinsic Fraud Is Alleged.

"It has been specifically held that equitable relief may be granted against orders and decrees of a probate court, including a decree of distribution, and a decree probating a will. [Citations.]

"An analysis of the authorities upon the question of what fraud will warrant the aid of equity indicates that only upon proof of *extrinsic* and *collateral* fraud can plaintiff seek and secure equitable relief from the judgment. A showing of fraud practiced in the trial of the original action will not suffice. The authorities hold this to be intrinsic fraud, and uniformly hold that since there must be an end to litigation, and the fraud was part of the case presented in the former action, equity will not reopen the litigation . . . . '. . . Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud and deception practiced on him by his opponent, as by keeping him away from court, . . . or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, . . . these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing. (Citing authorities.) In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud *practiced directly upon the party seeking relief* against the judgment or decree that party has been prevented from presenting *all* of his case to the court.' " *Caldwell* v. *Taylor* (1933) 218 Cal. 471, 475-477 [23 P.2d 758, 88 A.L.R. 1194] quoting in part from *United States* v. *Throckmorton* (1878) 98 U.S. 61, 65 [25 L.Ed. 93, 95]. *Duffy* v. *Duffy* (1947) 82 Cal.App.2d 203, 207 [186 P.2d 61] follows *Throckmorton, supra.*

*Caldwell* seems to be the leading case in California on the subject of extrinsic fraud. Interestingly enough, the trial court based its decision on that case and plaintiffs base their respective contentions on this appeal on that case. In *Caldwell*, the plaintiff, the only son and heir of Perry Caldwell, deceased, sought to have Leonore Fisher Caldwell, the chief beneficiary named in the deceased's will, declared an involuntary trustee for the use and benefit of the plaintiff. The relief was sought upon the ground that the will was procured by fraud exerted on the testator by the chief beneficiary, who had married the testator two months before his death, when she represented herself to be an unmarried widow and made other false representations to the testator to persuade him to make the will. The complaint alleged that the chief beneficiary had prevented plaintiff, to a large extent, from seeing the testator, his father, and had mis-

represented to plaintiff her real identity and marital status with the intent and purpose of preventing the discovery by plaintiff of sufficient facts to enable him to contest the probate of the will in the time allowed by law; and that as plaintiff believed her representations, she succeeded in preventing plaintiff from contesting the will. The court held as to the complaint "that the fraud therein alleged does come within the general definition of extrinsic fraud . . . . The main requirement to establish extrinsic fraud is that the unsuccessful party was prevented by his adversary from presenting *all* of his case to the court." *Caldwell* v. *Taylor, supra,* 218 Cal. 471, at page 479.

In *Davi* v. *Belfiore* (1957) 153 Cal.App.2d 325 [314 P.2d 596], Belfiore had filed an action against Davi and others, suing Davi as John Doe. Davi, when served with the complaint which did not name him as a defendant, asked Belfiore why he was served. Belfiore stated that it was because Davi was to be used as a witness and that he wanted no money out of Davi, but out of one of the other defendants. Belfiore made similar statements to Davi on two other occasions after the latter's name appeared on the complaint. Davi did not appear and judgment was taken against him. In the proceeding to set aside Davi's default, the court held that Belfiore had perpetrated extrinsic fraud on Davi and set aside the default.

In *Craney* v. *Low* (1956) 46 Cal.2d 757 [298 P.2d 860], the court held the defendant was guilty of extrinsic fraud, where her representations to plaintiff that she would carry out plaintiff's son's wishes, keep plaintiff informed of his wishes and do everything possible to protect plaintiff's interests in the son's estate, kept her from appearing in the probate proceeding.

"The commonest ground for equitable relief is *extrinsic fraud,* a broad concept which covers a number of situations. Its essential characteristic is that it has the effect of preventing a fair adversary hearing, the aggrieved party being deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." 5 Witkin, California Procedure (2d ed. 1971) Attack on Judgment in Trial Court, section 183, page 3752.

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, . . . these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.

"In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court." *United States* v. *Throckmorton, supra,* 98 U.S. 61, at pages 65-66 [25 L.Ed. 93, at page 95]. *Duffy* v. *Duffy, supra,* 82 Cal.App.2d 203, at page 207 follows *Throckmorton.*

"Ordinarily if the aggrieved party is aware of the proceeding, and is not prevented from appearing, any fraud is intrinsic and not a basis for equitable relief . . . . But this rule is sometimes relaxed where, by fraud, his *claim or defense* is concealed from him." 5 Witkin, California Procedure (2d ed. 1971) Attack on Judgment in Trial Court, section 185, pages 3754-3755.

In *Stenderup* v. *Broadway State Bank* (1933) 219 Cal. 593 [28 P.2d 14], defendants withheld requested information, without which the plaintiff was unable to show fraud in accounting. The court held this constituted extrinsic fraud. As said in *Caldwell* v. *Taylor, supra,* 218 Cal. 471, at page 479, "The distinction between intrinsic and extrinsic fraud is quite nebulous . . . ." However, a study of the decisional law on the subject shows that the courts are liberal in determining facts which constitute extrinsic fraud.

■ In the case at bench, in addition to the allegations concerning the will being forged, which would constitute intrinsic fraud, the complaint alleges that before, during and after the probate proceedings, defendant represented to plaintiffs that of her own personal knowledge the will was the genuine last will and testament of deceased; that in reliance on the blood and trust relationship between the parties and on the representation of defendant, plaintiffs did not contest the probate nor discover the fact that the will was forged, until after the distribution of the estate.

If true, this was a situation "[w]here the unsuccessful party has been prevented from exhibiting fully his case, by fraud and deception practiced on him by his opponent, as by keeping him away from court . . . ." *Caldwell* v. *Taylor, supra,* 218 Cal. 471 at page 476. The fraud upon plaintiffs would be one additional to the fraud upon the court which consisted of presenting to the court a forged will. The deceit practiced on plaintiffs was just as effective to prevent them from presenting to the court the true facts concerning the invalidity of the will as if defendant had physically prevented plaintiffs from appearing in the probate proceedings. The interests of justice require that plaintiffs be given an opportunity to prove in court, if they can, that defendant caused the forgery of the will.

The court erred in sustaining the demurrer to the complaint inasmuch as it alleged a cause of action in extrinsic fraud.

Judgment reversed.

Taylor, P. J., and Kane, J., concurred.