Vernon L. SMITH, Appellant,

v.

S. YOUNG, Appellee.

No. 20551.

Court of Civil Appeals of Texas, Dallas.

May 5, 1981.

Rehearing Denied May 28, 1981.

Lawrence L. Mealer, Dallas Legal Services Foundation, Dallas, for appellant.

Stewart Rabinowitz, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is a suit for enforcement of a California judgment. The trial court rendered judgment for appellee Young and granted the California decree full faith and credit. Appellant Smith contends that (1) the judgment is void under California law due to non-compliance with the California statute governing proof of service by mail, and thus, is not enforceable in Texas; (2) non-compliance with the statute constituted a fraud on the California court in conferring jurisdiction to render judgment, and therefore, enforcing the judgment in Texas is error, and (3) enforcement of the judgment would contravene the public policy of Texas. We hold that the California decree is a valid judgment entitled to full faith and credit in Texas; and, therefore, we affirm.

On December 15, 1975, appellee filed suit in California against appellant to recover an amount due for legal services. On January 22, 1976, appellant filed an answer and cross complaint. On February 5, 1976, appellee filed interrogatories propounded to appellant which were to be answered within thirty days after service. Appellee filed a motion to compel answers to interrogatories and notice of the motion on March 20, 1976. The motion was granted on April 2, 1976, after a hearing, and a notice of the order granting the motion was mailed to appellant on that date. This notice stated that if

the answers to the interrogatories were not filed and served within five days after service of the notice, appellant's answer and cross complaint would be stricken and judgment rendered for appellee. An affidavit of service by mail pursuant to section 1013a of the California Code of Civil Procedure accompanied the notice and was *signed* and *sworn* to by appellee. On April 13, 1976 a copy of the order granting the motion to strike and a declaration from appellee's attorney were mailed to Smith. The declaration stated that over five days had elapsed and appellant had not answered the interrogatories. The motion to strike prayed that appellant's answer and cross complaint be stricken and judgment granted for appellee. An affidavit of service by mail, *signed by appellee*, was attached. On April 16, 1976, based upon the verified declaration of appellee's attorney and upon a review of the file, the court struck appellant's answer and cross complaint and rendered judgment for appellee. No appeal was taken from the California judgment.

Appellee filed suit in Texas in 1978 to enforce the California judgment. Trial was to the court which found that the judgment was entitled to full faith and credit in Texas and rendered judgment for appellee.

Our principal question concerns the validity of the 1976 California decree. Under article IV, section one, of the United States Constitution and 28 U.S.C. § 1738 (1966) we must give this final judgment the same force and effect to which it is entitled in California. *Barber v. Barber*, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); *Harris v. Harris*, 403 S.W.2d 445 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.). Therefore, we look to the law of California to determine if the court which rendered the judgment had jurisdiction over the subject matter and the parties. *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Oliver v. Boutwell*, 601 S.W.2d 393, 397 (Tex.Civ.App.—Dallas 1980, no writ); *Layton v. Layton*, 538 S.W.2d 642, 646 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.). The parties disagree as to the interpretation of the cases construing section 1013a of the California Code of Civil Procedure which sets forth the requisites of proof of service of notices and other papers by mail.

Section 1013a provides in pertinent part:

Proof of service by mail may be made by one of the following methods: (1) an affidavit affixed to the original, or to a true copy, of the document served and filed in the cause, showing the name and residence or business address of the person making the service, showing that he is a resident of or employed in the county where the mailing occurs, that he is over the age of 18 years and *not a party to the cause*, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid. [Emphasis added].

Cal.Civ.Proc.Code § 1013a (Deering 1973).

Appellant contends that strict compliance with section 1013a is necessary and that the judgment rendered by the California court is void because appellee, a party to the cause, executed the affidavits. We do not agree. There is California authority indicating that, in certain circumstances, strict compliance with section 1013a is necessary when service is attempted by mail. *Valley Vista Land Co. v. Nipomo Water & Sewer Co.*, 255 Cal.App.2d 172, 63 Cal.Rptr. 78 (Ct.App.1967); *Bethlehem Steel Co. v. Industrial Accident Commission*, 227 Cal. App.2d 781, 39 Cal.Rptr. 41 (Ct.App.1964); *Forslund v. Forslund*, 225 Cal.App.2d 476, 37 Cal.Rptr. 489 (Ct.App.1964); *Marsden v. Collins*, 23 Cal.App.2d 148, 72 P.2d 247 (Ct. App.1937). It has also been held that failure to strictly comply with the statute divests the court of jurisdiction to proceed in the action and that any subsequent judgment or order by the court is deemed void. *In re Marriage of West*, 92 Cal.App.3d 120, 154 Cal.Rptr. 667 (Ct.App.1979); *Carlon v. Gray*, 10 Cal.App.2d 658, 52 P.2d 966 (Ct. App.1935); *Harris v. Minnesota Inv. Co.*, 89 Cal.App. 396, 265 P. 306 (Ct.App.1928). In every case we have found requiring strict

compliance with section 1013a, however, either there was no affidavit of proof of service, or the affidavit did not correctly state an address and thus failed to show proper service by mail under another section of the California Code of Civil Procedure, section 1012. Furthermore, the cases appellant relies upon for the assertion that the judgment is void for failure to strictly comply with section 1013a focus upon other jurisdictional considerations as well as the failure to strictly comply with section 1013a.

■ We conclude that the rule of strict compliance, at least insofar as it restricts the court's jurisdiction to proceed in the action, is not applicable where the affidavit of proof of service has a technical error which does not go to the statement of the address of any party making or receiving service and where there is no independent jurisdictional basis which might render compliance with section 1013a jurisdictional in itself. This conclusion appears especially well founded where, as here, the parties stipulated that the notice was mailed on the April 2 hearing date, which was the date of mailing set forth in the affidavit, and no complaint is made that appellant's address was improperly stated. Consequently, we overrule appellant's first point of error.

■ Appellant next contends that the trial court erred in granting full faith and credit to the California judgment because the two affidavits which were signed by appellee constituted a fraud on the California court in conferring jurisdiction to render judgment. Appellant bases his claim of fraud on the ground that in the affidavit appellee swore she was not a party to the cause. The judgment of a sister state may be attacked collaterally for fraud when the defense of fraudulent procurement would be available in the state in which the judgment was rendered. *Bondeson v. Pepsico, Inc.*, 573 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Burleson v. Burleson*, 419 S.W.2d 412 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). In California, fraud extrinsic to the record or proceeding is a basis for relief, and the test

for extrinsic fraud is that fraud which prevents a fair adversary hearing by deliberately keeping a party ignorant of the action or otherwise fraudulently preventing his claim or defense. *Los Angeles Airways, Inc. v. Hughes Tool Co.*, 95 Cal.App.3d 1, 156 Cal.Rptr. 805 (Ct.App.1979); *In Re Adoption of Sewall*, 242 Cal.App.2d 208, 51 Cal.Rptr. 367 (Ct.App.1966); *Potter v. Moran*, 239 Cal.App.2d 873, 49 Cal.Rptr. 229 (Ct.App.1966). *See also* Witkin, California Procedure (2d ed. 1971) at p. 3752 et seq. Fraud internal to the adversary proceeding, such as perjury committed in a complaint or during the course of trial, or a mistake during trial, is intrinsic and not a basis for relief, regardless of whether the judgment rendered was one involving a default or a contested trial. *Los Angeles Airways, Inc. v. Hughes Tool Co., supra; Adamson v. Adamson*, 209 Cal.App.2d 492, 26 Cal.Rptr. 236 (Ct.App.1962); *Muller v. Muller*, 141 Cal.App.2d 722, 297 P.2d 789 (Ct.App.1956). Judgments in California have been set aside on the basis of fraudulent procurement only under those circumstances which clearly constitute fraud extrinsic to the record. *See, e. g., Granzella v. Jargoyhen*, 43 Cal. App.3d 551, 117 Cal.Rptr. 710 (Ct.App.1974); *Pentz v. Kuppinger*, 31 Cal.App.3d 590, 107 Cal.Rptr. 540 (Ct.App.1973); *Davi v. Belfiore*, 153 Cal.App.2d 325, 314 P.2d 596 (Ct. App.1957); *Stenderup v. Broadway State Bank*, 219 Cal. 593, 28 P.2d 14 (Cal.1933); *Caldwell v. Taylor*, 218 Cal. 471, 23 P.2d 758 (Cal.1933).

■ In the present case, appellant does not contend that he was unable to present his defense or that he was denied a fair adversary hearing because appellee signed her own name to the two affidavits. To the contrary, we find that appellant was validly served with process and thereafter filed his answer and crosscomplaint with full knowledge of the proceedings against him and the parties stipulated that the notice was properly addressed and mailed. Any fraud which may have resulted from appellee's statement in the affidavit that she was not a party to the cause is intrinsic to the action and thus not a basis for relief in this court.

Appellant contends in his final point that it was error for the trial court to grant full faith and credit to the California judgment because giving effect to a judgment supported by these affidavits contravenes the public policy of the state of Texas. Appellee asserts that it is immaterial if the judgment sought to be enforced is one not authorized by Texas law or is contrary to Texas public policy because the full faith and credit clause requires that it be recognized if the judgment is valid under the laws of the state where it was rendered. *See Carr v. Carr,* 279 S.W.2d 146, 149 (Tex. Civ.App.—Amarillo 1954, no writ), and *Baumgardner v. Southern Pac. Co.,* 177 S.W.2d 317, 319 (Tex.Civ.App.—El Paso 1943, no writ). Although these cases have not been expressly overruled, we note that recent authority indicates that Texas public policy is at least a consideration upon the enforcement of a sister state's judgment in Texas. *McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722, 733 (1961); *Williams v. State of Washington,* 581 S.W.2d 494, 496 (Tex.Civ.App.—Dallas 1979, no writ). We do not, however, find a violation of Texas public policy in the enforcement of this California decree. The judgment itself provides for the recovery of a sum certain presumably due appellee. This does not contravene any policy of Texas, nor is the procedural error of appellee's signature on the affidavits so pervasive as to render the judgment unenforceable in this state. Accordingly, appellant's last point of error is overruled.

Affirmed.