Filed 10/2/24  Stebbins v. Stebbins CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JEFFREY STEBBINS as Trustee, etc., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> STEFANIE STEBBINS, <br><br>     Defendant and Respondent. | A169424 <br><br> (Humboldt County Super. Ct. No. PR2300026) |

Jeffrey Stebbins appeals from an order rejecting his division of certain personal property between himself and his sister, Stefanie Stebbins, and instead requiring the property be sold and the proceeds divided between the siblings.[1]  Jeffrey contends the order exceeds the probate court's authority because it is contrary to the terms of his father's trust.  While we do not adopt Jeffrey's argument, we reverse and remand for the probate court to reconsider the issue.

**BACKGROUND**

Jeffrey and Stefanie are each 50 percent beneficiaries of the Francis Stebbins Living Trust, u.a.d. September 21, 1992, as amended on March 20,

---

[1] We use the parties' first names for clarity.  No disrespect is intended.

2008 (Stebbins Trust). Pursuant to the terms of the Stebbins Trust, Jeffrey became the successor trustee upon the death of Francis Stebbins in 2019.

As relevant to this appeal, the Stebbins Trust required the trustee to provide an accounting "[w]henever any person is added or removed as a Trustee." The accounting "shall describe assets in sufficient detail to apprise beneficiaries of the assets making up the Trust estate." Schedule C of the Stebbins Trust states that, upon Francis's death, the trustee "shall distribute" all "jewelry, clothing, household furniture and furnishings, personal automobiles, boats, paintings, books and other tangible articles of a personal nature, and any interest in any such property, not otherwise specifically disposed of in any other manner" to Jeffrey and Stefanie "in shares of equal value in the opinion of the Trustee held in good faith."

In February 2023, Stefanie filed a "petition for instruction re distribution of trust." She alleged the Stebbins Trust contained real estate valued at approximately $6.8 million, a bank account valued at approximately $400,000, and various personal property. She asserts that, upon Francis's death, Jeffrey was required to (1) " 'provide an accounting' to the beneficiaries 'in sufficient detail to apprise' them of 'the assets making up the [Stebbins] Trust' and of the 'debts and obligations of the Trust,' " and (2) promptly distribute the assets. Stefanie contends Jeffrey has not provided a complete inventory or valuation of Francis's personal property, and he has not distributed any trust property. As relevant to this appeal, the petition requested the court order (1) "a full inventory of all personal property of [Francis] as of his date of death," (2) a division of that property "into two . . . equal shares, and allow [Stefanie] her choice of which list of property she prefers," and (3) an immediate distribution of those assets.

2

In response, Jeffrey asserted the Stebbins Trust only required the assets be distributed "after the death of Francis," and the particular timing of doing so was left to his discretion. He also contends he provided a list of Francis's personal property to Stefanie, but she had not identified which property she wanted. Nor, he contends, is she entitled to "first choice" of what personal property she receives.

On March 30, 2023, the court granted the petition for instructions regarding distribution. The court noted "[t]here is no ambiguity in the Trust terms. By its terms, the Trust was required to be distributed upon the death of Francis Stebbins. To date, the Trust has not been distributed in whole or in part to the beneficiaries." In connection with Francis's personal property, the court ordered Jeffrey to "provide a full inventory of all personal assets held by Francis Stebbins at death" within thirty days, and to distribute such assets "in equal shares" within sixty days. The court cautioned Jeffrey that, [i]n making the distributions required by the Trust, and this Order, the Trustee must comply with all of his duties under the Probate Code, including his duty to act solely in the interest of the beneficiaries and to act fairly and impartially with regard to the beneficiaries, and his failure to so act may subject his interest in the Trust to a charging order."

On May 8, 2023, Jeffrey filed a motion to extend the deadline for distributing trust assets to September 30, 2023. Jeffrey noted appraisals for the real property would not be completed before the pending distribution deadline.

Stefanie opposed the requested extension. She noted that, apart from the real estate, Jeffrey has not distributed the personal property and such distribution "should not be any further delayed."

3

The court granted the motion to extend until September 30, 2023, but cautioned that it "is concerned regarding the amount of time it is taking to distribute the assets."

Jeffrey filed a subsequent motion to extend the deadline for distributing trust assets to November 30, 2023. The court denied this motion.

On August 30, 2023, Stefanie filed a motion for court supervision of the equal distribution of Francis's personal property. She alleged numerous items were missing from Jeffrey's inventory of Francis's personal property, and his proposed distribution was inequitable in value and number of items. She asserts she has been unable to reach a resolution with Jeffrey.

Jeffrey opposed the motion. He noted the personal property was never appraised because a probate referee stated it "was a waste of time because personal property is of little relative value." Accordingly, he created a list allocating the property "in shares of equal value in [Jeffrey's] opinion, held in good faith." Jeffrey stated the property had not yet been distributed because Stefanie "does not yet have a place to store the personal property items allocated to her."

The court conducted a hearing during which Stefanie argued Jeffrey repeatedly delayed providing her with a proposed division of personal property and, when the list was finally provided, it was unequal. During the hearing, Stefanie asserted (1) Jeffrey "determined the quality in an inexact way judging the value rather than using specific numbers," and (2) Jeffrey claimed he had the exclusive right to determine the appropriate the division and use his discretion to determine what is equal. Stefanie claimed Jeffrey's refusal to trade lists demonstrated the lists were unequal. In response, Jeffrey argued Stefanie was allocated "a lot of the valuable property, lots of

4

things that are nice." He noted Stefanie "hasn't made any kind of showing that this property is not equal in value." Following argument, the court took the matter under submission.

On December 13, 2023, the court ordered that, unless the parties otherwise agreed by way of stipulation, Francis's personal property "is to be auctioned off at a public estate auction" within ninety days and the net proceeds equally divided between Jeffrey and Stefanie. Jeffrey timely appealed.

**DISCUSSION**

On appeal, Jeffrey contends the probate court exceeded its authority in ordering a sale of the personal property because there is no evidence he did not act in good faith when dividing the personal property. He further asserts the probate court's order violates the expressed intent and purpose of the trust.

## I. Standard of Review

" 'The interpretation of a trust instrument, like any written document, is a question of law. [Citations.] Under applicable rules of interpretation of written instruments, where there is no conflicting evidence, the reviewing court must independently interpret the document.' " (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 944.) " ' "[T]he duty of the court is to first ascertain and then, if possible, give effect to the intent of the maker." [Citations.]' [Citation.] 'Section 21102 provides, "[T]he intention of the transferor as expressed in the instrument controls the legal effect of the dispositions made in the instrument." ' [Citations.] ' "In construing a trust instrument, the intent of the trustor prevails and it must be ascertained from the whole of the trust instrument, not just separate parts of it." [Citations.]' " (*Ibid.*)

5

## II.  The Stebbins Trust

"The probate court has general power and duty to supervise the administration of trusts.  Proceedings in the probate court 'concerning the internal affairs of the trust' are commenced with the filing of a petition." (*Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427 (*Schwartz*).)  "[U]nder sections 16061 and 16060, the term "internal affairs of the trust" includes information relevant to the beneficiary's interests, information necessary to enforce the beneficiary's rights, and information that could prevent or redress a breach of trust."  (*Babbitt v. Super. Ct.* (2016) 246 Cal.App.4th 1135, 1145.) "Presented with a section 17200 petition . . . , 'the probate court has a duty *imposed by law* to inquire into the prudence of the trustee's administration.' " (*Schwartz, supra*, 164 Cal.App.4th at p. 427.)  "[T]o respond to perceived breaches of trust, the probate court has wide, express powers to 'make any orders and take any other action necessary or proper to dispose of the matters presented' by the section 17200 petition." (*Schwartz*, at p. 427.)  This authority includes intervening " 'to prevent or rectify abuses of a trustee's powers.' "  (*Ibid.*)

However, courts may only "alter administrative provisions of the trust under ' "peculiar" or "exceptional" circumstance[s]' where necessary to accomplish the purpose of the trustor.  [Citation.]  The court cannot substitute its judgment and discretion for that of the trustees' if the trustees are acting within proper limits, unless there is a complete failure or refusal to perform the duties of the trustees.  [Citation.]  While the trustees' discretion is not unlimited or arbitrary, '. . .[t]he judgment of the trustees, exercised in good faith, shall control. . . .' "  (*Trolan v. Trolan* (2019) 31 Cal.App.5th 939, 956 (*Trolan*).)

6

Jeffrey contends the trial court exceeded its authority by ordering liquidation of the personal property because the trust provides for the equal division of the property, not its value.  We agree the express language of the trust instructs the trustee to divide the property.  "Absent language in the trust explicitly mandating the liquidation of the trust, the sole authority, if any, for the trial court's order was the trial court's overarching authority to administer trusts." (*Trolan, supra*, 31 Cal.App.5th at p. 956.)  Such authority only applies if the trustee has not exercised his or her discretion in good faith. (See *ibid.*)

The record indicates some concerns regarding Jeffrey's administration of the Stebbins Trust in connection with the disputed personal property. Under both the terms of the Stebbins Trust and by statute, Jeffrey was required to provide an accounting to Stefanie of the trust assets, including the personal property.  This accounting includes "information relevant to the beneficiary's interests, information necessary to enforce the beneficiary's rights, and information that could prevent or redress a breach of trust."  (See *Babbitt v. Superior Ct.*, *supra*, 246 Cal.App.4th at p. 1145.)

Here, "information relevant to [Stefanie's] interest" and "necessary to enforce [Stefanie's] rights" must encompass some level of information regarding how Jeffrey valued the personal property.  Otherwise, Stefanie cannot assess whether she properly received her share of the property. However, the record indicates Jeffrey only provided (1) lists to Stefanie that included ambiguous line items such as, "shirts," "bed," "table," "lamp," "trunk," "small container," and "vases," and (2) 63 photographs that presumably corresponded with some, but not all, of the 400 plus items of personal property.  The lists did not contain any formal or informal valuation of the items.  Nor did Jeffrey provide any information regarding how he

7

valued the items when dividing the property between himself and Stefanie. And this duty to provide an accounting also encompasses "the duty to prove every item of [a trustee's] account by 'satisfactory evidence'; the burden of proof is on [the trustee] and not on the beneficiary; and any doubt arising from their failure to keep proper records, or from the nature of the proof they produce, must be resolved against them." (*Estate of McCabe* (1950) 98 Cal.App.2d 503, 505.) Accordingly, Jeffrey as trustee bears the burden of providing valuations for the personal property at issue.

In response, Jeffrey asserts Stefanie's complaints about the division are meritless because they do not "pertain[ ] to whether [Jeffrey] had divided the personal property into two shares of equal value in his opinion, held in good faith." But without some valuation—at least for the most valuable assets—it is unclear how he could have exercised this discretion in any meaningful way.

*Copley v. Copley* (1981) 126 Cal.App.3d 248 (*Copley*) provides a useful analogy. In *Copley*, the decedent created marital and non-marital trusts. The beneficiaries of the non-marital trust asserted the decedent's wife, who was a trustee and the sole beneficiary of the marital trust, undervalued shares of the decedent's business to their detriment and to the benefit of the marital trust. In relevant part, the wife asserted she had sole discretion to set the fair market value of the stocks because the trust provisions "empower[ed] the trustees to exchange or transfer trust property 'upon such terms as the Trustees, in their sole discretion, may deem advisable and for the best interest of such trust . . . .' " (*Id.* at p. 284.) The court rejected this argument, explaining "[w]hile these discretions conferred by the instrument are indeed broad," the authority conferred is not "unlimited or arbitrary [citations]. It simply means the judgment of the trustees, exercised in good faith, shall control [citation]." (*Id.* at p. 284.) The court further explained the

8

evidentiary record indicated "the trustees made no realistic, good faith effort to determine a fair market value on the stock . . . . This finding is equivalent to a determination there was no effort at all, and certainly not a good faith effort, in the matter of evaluating the stock's value . . . . Viewed this way, the trustees' action cannot be deemed an exercise of judgment in good faith . . . ." (*Id.* at p. 284.)

Here, as in *Copley*, the record does not indicate whether Jeffrey made any realistic effort to accurately value the personal property at issue. This lack of valuation includes certain categories of property, such as large furniture, art, vehicles, silver, and crystal, which could have significant value. Jeffrey acknowledged the personal property was never appraised and stated he "had no objective values available for his use in dividing the property into shares of equal value." He explained that, without such valuations, he "made a list of all the personal property" in the trust and "in good faith, made a division of that property between himself and Stefanie in shares of what he, in good faith, considered to be equal value." But without any valuations—even informal—it is unclear how he concluded what division would create shares of "equal value." Nothing in the record explains Jeffrey's process or how he valued various items. Nor does the record indicate whether Jeffrey conducted any research into the value of any items, such as researching the price of silver, obtaining Kelley Blue Book[2] valuations for the vehicles, or speaking with art and furniture dealers. Accordingly, the record before this court does not disclose whether Jeffrey had a good-faith basis for concluding his division of items awarded each sibling equal value. Such an approach "cannot be deemed an exercise of judgment in good faith" and thus

---

[2] Kelley Blue Book is an online website commonly used to obtain informal vehicle valuations.

does not demonstrate that Jeffrey satisfied his duties as trustee to create an equal division of property in good faith. (See *Copley*, *supra*, 126 Cal.App.3d at p. 284.)

The purpose of the Stebbins Trust was a division of the estate's personal property in a manner that ensured each sibling equally shared in their value. While the record before this court leaves open the possibility that Jeffrey did not comply with his duties to equally divide the personal property in good faith—which could justify court intervention in the trust's administration—the record is silent as to whether the probate court assessed the adequacy of Jeffrey's valuation and division of the personal property. Until the probate court finds that Jeffrey's division failed to comply with the terms of the Stebbins Trust, and he is unwilling to comply with those terms, the probate court exceeded its authority in requiring that the personal property be sold with the net proceeds equally divided between Jeffrey and Stefanie.[3] (See *Schwan v. Permann* (2018) 28 Cal.App.5th 678, 697 [" ' "California courts have long had the equity power to modify the terms of a trust where such modification is necessary to preserve the trust or ser*ve the original intentions of the trustor . . . .*" ' "]; *In re Greenleaf's Estate* (1951) 101

---

[3] In so holding, we do not opinion on whether Jeffrey adequately valued or divided the property. Additionally, in the event the probate court concludes Jeffrey did not adequately perform his duties and he refuses to do so, this opinion should not be interpreted as prohibiting the probate court from entering a new order requiring the property sold and the net proceeds equally divided. (See *Schwartz*, *supra*, 164 Cal.App.4th at pp. 427–428 [court has "wide, express powers to 'make any orders and take any other action necessary or proper to dispose of the matters presented' by [a] section 17200 petition."].) However, we note Stefanie's "you split, I choose" suggestion is not supported by the terms of the Stebbins Trust, and nothing in the record suggests Francis intended for the personal property at issue to be divided in such a manner.

Cal.App.2d 658, 662 ["The court should not be burdened with the duty of administration, nor required, nor permitted to substitute its judgment and discretion for that of the trustee so long as it acts within proper limits; nor in any event until there is an entire failure or refusal on the part of the trustee to perform its duty."]).  Accordingly, we reverse and remand for the trial court to determine in the first instance whether Jeffrey properly divided the personal property at issue between himself and Stefanie pursuant to the terms of the Stebbins Trust.

<strong>DISPOSITION</strong>

The order is reversed and remanded for the court to reconsider Stefanie's motion for court supervision of the equal distribution of Francis's personal property in accordance with this opinion.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3).)

_____
PETROU, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
RODRÍGUEZ, J.


(*Stebbins v. Stebbins*/A169424)